## CHARLES KAUFMAN

*v.*

## SELMA WIENER *et al.*

*Opinion filed November 1, 1897—Rehearing denied December 10, 1897.*

1. PLEADING—*equity—defense of "adequate remedy at law" must be raised by pleadings.* Where the allegations of a bill make a case *prima facie* cognizable by a court of equity, the defense that an adequate remedy exists at law can be raised only by plea or answer.

2. SAME—*when failure to demur to bill does not waive the question of jurisdiction.* It is only when it appears upon the face of a bill that jurisdiction in equity is wanting, that the defendant must demur to avoid waiving the question of jurisdiction.

3. SAME—*when general denial of allegations in bill does not question jurisdiction.* An averment in an answer to a bill making a *prima facie* case for equitable interference, that "the allegations of the bill not otherwise referred to are denied," is not such a denial of an allegation of the defendant's insolvency as will admit of his insisting, at the hearing, upon his solvency as ground for defeating the equitable jurisdiction of the court.

4. SAME—*defense of "adequate remedy at law" cannot be raised for first time at the hearing.* The defense of "adequate remedy at law" must be raised by the pleadings either by demurrer, answer or plea, and cannot be raised for the first time at the hearing.

5. WAIVER—*what is a waiver of defense of "adequate remedy at law."* A defendant to a bill in equity who fails to raise the defense of "adequate remedy at law" by his original pleadings, and who joins with the complainant in producing evidence on the merits of the case before the master, waives his right to have the court refuse to consider the case on the ground of an adequate remedy at law.

PHILLIPS, C. J., MAGRUDER and CARTWRIGHT, JJ., dissenting.

*Kauffman* v. *Wiener,* 68 Ill. App. 250, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

HALEY & O'DONNELL, and COWING & YOUNG, for appellant:

A court of equity will not refuse to take jurisdiction of a case merely on the ground that the complainant has

a perfect remedy at law, if the parties have submitted themselves to the jurisdiction of the chancellor without objection. *Utica Bank* v. *Merserreau*, 3 Barb. Ch. 574; *Pumpelly* v. *Owego*, 35 How. Pr. 241; *Jones* v. *Collins*, 16 Wis. 602; *Reese* v. *Smith*, 1 Ohio, 124.

By putting in an answer not insisting upon the fact that the complainant has an adequate remedy at law, the defendant submits himself to the jurisdiction of the court in the case made by the pleadings, unless the court is wholly incompetent to grant the relief sought by the bill. *Holmes* v. *Doe*, Clark's Ch. 73; *Ramsey* v. *Harris*, id. 331; *Tyler* v. *McGuire*, 17 Wall. 288; *Ludlow* v. *Simonds*, 2 Caine's Cas. 56; *DeBuissierre* v. *Holaday*, 55 How. Pr. 212; *Davis* v. *Roberts*, 1 S. & M. Ch. 550; *Osgood* v. *Brown*, 1 Free. Ch. 400; *May* v. *Goodwin*, 27 Ga. 353; *Burroughs* v. *McNeal*, 2 D. & B. Eq. 300; *Rathbone* v. *Warren*, 10 Johns. 595.

When there is a full and adequate remedy at law the objection must be taken in the pleading. It is too late to raise it at the hearing. *Heyer* v. *Berger*, Hoffm. Ch. 15; *Whitlock* v. *Duffield*, id. 122; *Cowman* v. *Sedgwick*, id. 67.

Where the defendants have not raised any such objection by demurrer or answer, they are too late in making it for the first time at the hearing. *Bradley* v. *Bosley*, 1 Barb. Ch. 130; *Leroy* v. *Platt*, 4 Paige, 81; *Pierpont* v. *Fowle*, 2 Woodb. & M. 35; *Stout* v. *Cook*, 41 Ill. 447; *Dodge* v. *Wright*, 48 id. 382; *Jennings* v. *Whittemore*, 2 Thomp. & C. 379.

The objections that the complainant had an adequate remedy at law must be taken while the action is pending, and is waived and cannot be raised on appeal. *Reed* v. *Gammon*, 3 Daly, 420; *Truscott* v. *King*, 6 N.Y. 147; *Leroy* v. *Platt*, 4 Paige, 77; *Bank of Utica* v. *Utica*, id. 399.

Where the defendant might, by his answer, raise the question of want of jurisdiction on account of the complainant having an adequate remedy at law, before the hearing, it is too late to raise that question then. *Vermont* v. *Miller*, 161 Ill. 210; *Mason* v. *Bragdon*, 159 id. 61.

GEORGE S. HOUSE, for appellees:

Where courts of law are competent to afford an adequate and ample remedy, courts of equity will remit the parties to the courts of law, where the right of trial by jury is secured to them. In such cases either party has a right to demand that the matter of the defendant's liability be submitted to a jury according to the course of the common law, and unless some special and substantial ground of equity jurisdiction be alleged, and, if necessary, proved, courts of equity will decline to interfere. *Taylor* v. *Turner*, 87 Ill. 296; *Victor Scale Co.* v. *Shurtleff*, 81 id. 313; *Gore* v. *Kramer*, 117 id. 176; *Buzzard* v. *Houston*, 119 U. S. 347; *Russell* v. *Clark*, 7 Cranch, 69; *Cook County* v. *Davis*, 143 Ill. 151.

If the allegations of the bill creating equitable cognizance are not sustained, the jurisdiction will fail. *Daniel* v. *Green*, 42 Ill. 471; *Green* v. *Spring*, 43 id. 280.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery exhibited by the appellant in the circuit court of Will county. The allegations of the bill, as amended, were, that Selma Wiener, David Wiener, Lawrence Kennedy and John Kaup had taken and sold, at divers times, certain cord-wood and props, the property of the complainant, and charged such trespasses would be repeated unless enjoined; that said defendants were each insolvent, and prayed that writs of injunction should issue. The bill further alleged, said defendants had sold said cord-wood and props to the Illinois Steel Company and the Chicago, Wilmington and Vermilion Coal Company, and that said corporations had not paid said other defendants therefor, and prayed that said corporations, and each of them, be enjoined from making payments to said defendants, but should be required to hold the amount so due to await the orders of the court. Writs of injunction were issued as prayed, and were served.

The defendants answered the bill. The answers of the steel company and the coal company were, in effect, they were indifferent as to whom the money for the wood and props should be paid. The answers of the other defendants were, in substance, that the wood and props which had been taken and sold, and other wood and props intended to be taken, were the property of the defendant Selma Wiener, who had authorized the sale thereof. The answers also contained a general denial of the allegations of the bill.

The case was referred to a master to take and report proof. The parties appeared before the master and produced a great deal of testimony in their respective behalves, all of which was devoted to the issue as to the ownership of the wood and props, but no testimony was produced tending or intended to support or deny the allegation that the defendants were insolvent. The master reported the evidence to the court. The cause was, by agreement of the parties, set for hearing on January 2, 1896. On that day the court granted complainant leave to amend his bill, and an amended bill was filed which reiterated the charge of insolvency. Selma Wiener answered the allegations of the amended bill, and with reference to the charge of insolvency denied she was insolvent, and averred that she "had plenty of property in her own name—much more than enough to pay all damages the complainant might recover at law." The parties then produced oral testimony, but none with reference to the financial ability of any of the defendants, and the cause was submitted to the court. The court found a portion of the wood and props in controversy was the property of the complainant, (the appellant,) and that he was entitled to recover $424.84 from the defendant Selma Wiener, and decreed such amount should be paid by the Illinois Steel Company out of any money due from said steel company for wood and props bought of Selma Wiener and not paid for. The complainant (appellant here)

prosecuted an appeal to the Appellate Court for the Second District. That court entered judgment that the decree of the circuit court should be reversed and the cause remanded, with directions to dismiss the bill. The ground of such judgment was, the appellant had an adequate remedy at law.

It is urged in support of the judgment of the Appellate Court, the appellant had an adequate remedy at law, and therefore could not maintain a suit in a court of equity. The bill alleged, in substance, that the appellee Selma Wiener, by herself or her agents, David Wiener, Kennedy and Kaup, had taken and sold a number of car loads of wood and props belonging to the complainant, (the appellant,) and that she intended to repeat such trespasses, and continue to take and sell other of appellant's wood and props unless restrained by injunction; and further, that said Selma Wiener, and her husband, and Kennedy and Kaup, were insolvent. These allegations made a case, upon the face of the bill, authorizing the equitable interference of a court of equity by the remedy of injunction, restraining further trespasses against the property of the appellant. (*Owens* v. *Crossett,* 105 Ill. 354; *Thornton* v. *Roll,* 118 id. 350; *Comrs. of Highways* v. *Green,* 156 id. 504; 10 Am. & Eng. Ency. of Law, 881; 1 High on Injunctions, sec. 717.) Whether there was an adequate remedy at law could not, therefore, be raised by demurrer to the bill, for the reason a demurrer would confess the allegation of insolvency, and the bill would not be obnoxious to a demurrer.

It is frequently stated as the rule, that filing an answer to the merits precludes a defendant from insisting, upon the hearing, there is an adequate remedy at law. But such statements are not accurate. If the allegations of the bill make a case cognizable in a court of equity, a demurrer is wholly unavailing to raise the defense that there is an adequate remedy at law. It is only where it appears on the face of the bill that jurisdiction is wanting

in equity, that the defendant must resort to a demurrer to avoid the imputation that he has waived the question of jurisdiction. The defense that an adequate remedy exists at law can only be made by plea or answer when the bill is good on its face. Such a defense must be made in some manner by the pleadings, or it will be deemed that the party has submitted himself and the cause to the jurisdiction of a court of equity, and he will not be allowed, at the hearing, to insist the court ought not to proceed further with the case for the reason courts of law furnish an adequate remedy, provided, of course, the subject matter of the litigation and the character of the relief are not foreign to the power of a court of equity. *Monson* v. *Bragdon*, 159 Ill. 61; *Village of Vermont* v. *Miller*, 161 id. 210; *Stout* v. *Cook*, 41 id. 447.

But appellees insist the defense was interposed by the answer, and further insist that, as the bill alleged the appellees to be insolvent, it was incumbent on the complainant to sustain the allegation by proof in order to entitle him to a decree. The allegation of insolvency is not challenged specifically by any averment in the answer to the original bill, nor does the answer set up, or even in anywise intimate, that the defendants, or any of them, are solvent or that the alleged want of jurisdiction would be relied upon as a defense. The specific averments of the answer relate wholly to the merits of the controversy between the parties. It is true, there is an averment to be found in the answer that the allegations of the bill not otherwise referred to therein are denied. Issues were made by the bill and this answer, and the cause referred to the master. Before him the respective parties produced many witnesses, who gave testimony in behalf of each of said parties. No testimony was taken, or attempted to be taken, relative to the financial condition of the defendants, but each of the parties devoted his attention and efforts to the production of testimony intended to support his or her case upon the merits.

The question first demanding our attention is whether the general denial of the allegations of the bill, one of which is that the defendants were insolvent, is sufficient to raise the question of the want of jurisdiction, on account of the complainant having an adequate remedy at law. We think it is not sufficient; but if the appellees desired to insist the cause should not be heard upon its merits and that the complainant should be remitted to a court of law, it was necessary such defense should be affirmatively set out and relied on in the answer. In *Stout v. Cook,* 41 Ill. 447, it is said "such a defense should be insisted upon in the answer." In *Ryan* v. *Duncan,* 88 Ill. 144, it is said the objection that there is a perfect remedy at law should be taken "by insisting on it as a ground of defense in the answer." In *Monson* v. *Bragdon,* 159 Ill. 61, the expression of the court is, that the objection there is a complete remedy at law should be interposed either by demurrer or setting out the facts in defense in the answer to the bill. The general rule is: "By putting in an answer not insisting upon the fact that the complainant has an adequate remedy at law, he submits himself to the jurisdiction of the court in the case made by the pleading, unless the court is wholly incompetent to grant the relief sought by the bill." *Holmes* v. *Doe,* Clark's Ch. 73; *Ramsey v. Harris,* id. 331; *Tyler* v. *McGuire,* 17 Wall. 288; *DeBuissierre v. Holaday,* 55 How. Pr. 212; *Davis* v. *Roberts,* 1 S. & M. Ch. 550; *Ludlow* v. *Simonds,* 2 Caine's Cas. 56; *Osgood* v. *Brown,* 1 Free. Ch. 400; *May* v. *Goodwin,* 27 Ga. 353; *Rathbone* v. *Warren,* 10 Johns. 595; *Burroughs* v. *McNeal,* 2 Dev. & B. Eq. 300.

After the master had reported the evidence taken before him, to the court, the parties agreed the cause should be submitted to the court for hearing on a designated day. The transcript of the proceedings of the court upon the day fixed upon for the hearing is as follows: "Now again came the parties herein, by their respective solicitors aforesaid, and this cause having been reached for trial it is now called up for hearing and submitted to

the court upon pleadings and proofs, and upon motion of defendant Selma Wiener leave is by the court granted her to amend her answer to the supplemental bill on the margin, and the same is now so amended." The amended answer contained the following, to-wit: "This defendant states that it is not true, as alleged in said original and supplemental bill, that she was, at the time of the filing of said original bill, since then has continued and now is, insolvent, but, on the contrary, this defendant states, and so charges the truth to be, that at said time she was not and is not now insolvent; that at the time of the filing of said original bill she had, since then has held and now holds, property in her own name much more than ample to secure to complainant all damages he would be entitled to recover at law from her by reason of the subject matter of this suit, on the theory that the allegations of said complainant's original and supplemental bills were true,—all which the said defendant here denies.    *    *    *
And now this defendant insists that said complainant is not entitled to the relief prayed, or any relief whatever, and the said defendant demands here the like and same advantage as if she had in the first instance demurred to said original and amended and supplemental bill, and does not waive such advantage and right."

If it be conceded the averments of this amended answer sufficiently, so far as mere matter of pleading is concerned, set up the defense that the complainant had an adequate remedy at law, still we think it well settled the right to insist upon such defense had been waived by the failure to allege it and insist upon it in the original answer and by proceeding to a hearing of the case without objection.   It is not permissible to answer to the merits, join with the complainant in producing testimony relative to the merits of the controversy, and seek afterwards, at the hearing, to procure the court to refuse to consider the case upon its merits upon the ground the complainant could find an adequate remedy in a court of

law. "When there is a full and adequate remedy at law the objection must be taken in pleading. It is too late to raise at the hearing." (*Heyer* v. *Berger*, Hoffm. Ch. 15; *Whitlock* v. *Duffield*, id. 122; *Cowman* v. *Sedgwick*, id. 67.) "Where the defendants have not raised any such objection by demurrer or answer, they are too late in making it the first time at the hearing." *Leroy* v. *Platt*, 4 Paige, 81; *Bradley* v. *Bosley*, 1 Barb. Ch. 130.

We recognize the doctrine insisted upon by the appellees, that a complainant must support by proof every material allegation of his bill. There was no proof produced as to the solvency or insolvency of the defendants. The allegation of insolvency was in no sense material to the case of the parties upon the right or justice of the cause. It was important only because, if the defendants were not insolvent, a court of law would have been the proper forum. But, as we have seen, the defendants (appellees) waived all right to insist upon such an objection. It therefore became wholly immaterial whether the defendants were or were not financially responsible. The issues presented to the court did not depend in anywise upon the financial condition of the defendants. It can not be and is not insisted the subject matter of the suit was so foreign to chancery jurisdiction as that the court was incompetent to adjudge the cause.

We are constrained to the view the objection that there was a remedy at law was waived, and could not be interposed in the Appellate Court or in this court, and no reason appears to justify us in declining to consider the case upon its merits.

It appeared from the testimony that David Wiener had become entitled to the timber standing and growing on the east half of section 19, in the town of Reed, in the county of Will, and that he had procured a portion of such timber to be felled and cut into cord-wood and props, and that on the 7th day of February, 1895, such wood and props were piled and corded up on said land; that on

that day the sheriff of Will county levied an execution in his hands against said David Wiener, "on a lot of wood and props" on said section, as the property of said David Wiener. On the 2d day of March, 1895, the sheriff proceeded to the said premises, and there, in pursuance of legal notice before then given, offered the wood and props so levied on at public sale. They were struck off and sold to the appellant for the sum of $750. Selma Wiener, who is the wife of David Wiener, by contract between them, succeeded to the rights of David in the growing and standing timber upon said half section of land, and also to certain cord-wood and props piled upon the land at the time of the sale by the sheriff. The contention of the defendants below was, that the lot of wood and props levied upon and sold by the sheriff consisted of certain ricks of wood and props piled up within the limits of a certain cleared portion of said tract of land located in the north-eastern part thereof, while the complainant contended it included all ricks of wood and props cut and piled up on all cleared portions of the tract. The circuit court decided that the wood and props levied upon and sold were such as were ricked up on the cleared land on the north-eastern portion of the tract, and found the defendants had removed and sold one hundred and eighteen cords of wood and five and one-half cords of props so sold by the sheriff, and rendered decree in favor of the complainant for the value thereof.

We have carefully read and considered the testimony bearing upon the question as to what wood and props were levied upon and sold. It is conflicting and contradictory upon crucial points. Its solution involved the question of the credibility of certain witnesses who testified in the presence of the court, and of the weight which ought to be accorded to their testimony. While we must confess our consideration of the testimony has left us in much doubt as to the correctness of the conclusion arrived at by the court as to this question of fact,

yet when we consider the superior advantages enjoyed by the chancellor for determining the just measure of weight and credit which ought to be given to the testimony of such of the witnesses as testified before him, and the sharp conflict in the testimony upon the point, we find ourselves unable to demonstrate that the court was clearly in error.

It was within the power of the chancellor to apportion the costs between the parties in accordance with the justice and equity of the case. The decree that appellant should pay one-third of the costs, in view of the finding of the court upon the contested question of fact, was but a justifiable exercise of that power.

We think the decree of the circuit court should be affirmed. The judgment of the Appellate Court is reversed and the decree of the circuit court affirmed.

*Judgment reversed.*

PHILLIPS, C. J., MAGRUDER and CARTWRIGHT, JJ., dissenting.