(24 Misc. Rep. 189.)

CHEVRA BNAI ISRAEL AUSHE YANOVE UND MOTAL v. CHEVRA BIKUR CHOLIM AUSHE RODOF SHOLEM (two cases).

(Supreme Court, Appellate Term. July 1, 1898.)

1. CORPORATIONS—CONSOLIDATION.
Corporations cannot consolidate without legislative authority.

2. RELIGIOUS CORPORATION—CONSOLIDATION WITH MEMBERSHIP CORPORATION.
The statutes of New York do not authorize consolidation of a religious corporation with a membership corporation.

3. SAME—VALIDITY—ASSENT OF SUPREME COURT.
The consolidation of a religious with another corporation, even if otherwise valid, is void if the assent of the supreme court is not obtained, and its trustees do not approve the course pursued, even though all its members assent.

4. SAME—DISSOLUTION.
The mere fact that a religious corporation attempts to effect a consolidation with another, which is in fact void, and from which it almost immediately withdraws, does not import its dissolution.

Appeal from Fourth district court.

Action by Chevra Bnai Israel Aushe Yanove und Motal against Chevra Bikur Cholim Aushe Rodof Sholem. From judgments in favor of defendant in each action plaintiff appeals. Reversed.

For former opinion, see 51 N. Y. Supp. 236.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Abraham B. Schleimer, for appellant.
Abraham H. Sarasohn, for respondent.

GIEGERICH, J. These actions were tried together, and the appeals therein were heard at the same time. One was brought to recover the possession of certain chattels, and the other the sum of $55, delivered by the plaintiff to the defendant, under the circumstances hereafter mentioned. The plaintiff was organized under 2 Rev. Laws 1813, p. 212, c. 60, entitled "An act to provide for the incorporation of religious societies," and the several acts amendatory thereof, which have been superseded by the religious corporation law (Gen. Laws, c. 42; 2 Rev. St. [Banks & Bros.' 9th Ed.] pp. 1394–1432). The defendant, although it maintains a place of worship, was incorporated under chapter 319 of the Laws of 1848, entitled "An act for the incorporation of benevolent, charitable, scientific, and missionary societies," and the several acts amendatory thereof, the provisions of which have since become part of the membership corporation law (Gen. Laws, c. 43; 2 Rev. St. [Banks & Bros.' 9th Ed.] pp. 1432–1471). The defendant's claim to said personal property is founded upon an agreement to consolidate the two corporations, signed by Peretz Goldstein as president of the defendant, Sholem Pivovar as president of the plaintiff, and Marcus Resnick as secretary of the consolidated corporation, and bearing date the 25th day of May, 1897. It is well settled in England and in this country that corporations cannot consolidate without legislative authority. New York & S. Canal Co. v. Fulton Bank, 7 Wend. 412; Blatchford v. Ross, 5 Abb. Prac. (N. S.) 434; Id., 54 Barb. 42; People v. North River Sugar-Refining Co., 121

N. Y. 582, 24 N. E. 834; Pearce v. Railroad Co., 21 How. 441; Clearwater v. Meredith, 1 Wall. 39; Black v. Canal Co., 24 N. J. Eq. 455; State v. Bailey, 16 Ind. 46; Aspinwall v. Railroad Co., 20 Ind. 492; Turnpike Co. v. Barnes, 42 Ind. 498; East Line & R. R. Ry. Co. v. State, 75 Tex. 434, 12 S. W. 690; Clinch v. Financial Corp., L. R. 5. Eq. 460; Charlton v. Railroad Co., 5 Jur. (N. S.) 1096; In re Era Assur. Soc., 30 Law J. Eq. 137; 6 Am. & Eng. Enc. Law (2d Ed.) p. 802; Mor. Priv. Corp. § 944; Wat. Corp. p. 562, § 153; Field, Corp. § 387; Thomp. Corp. § 315.   See, also, note 2, McMahon v. Morrison, 79 Am. Dec. 420–428; State v. Chicago, B. & Q. R. Co. (Neb.) 21 N. W. 125; Botts v. Turnpike Co. (Ky.) 10 S. W. 134; Grayson v. Willoughby (Iowa) 42 N. W. 591; Cantillon v. Railroad Co., Id. 613; People v. Chicago, Gas & Trust Co. (Ill.) 22 N. E. 798; Hamilton v. Railroad Co. (Pa.) 23 Atl. 53.   The various enactments of this state pertaining to corporations do not contain any provision which, by implication or otherwise, authorizes the amalgamation sought to be accomplished by the agreement in question; the statutes permitting a consolidation of two or more corporations applying exclusively to those of a similar nature. Assuming the contrary, however, and conceding, for the sake of argument, that the two corporations are similar, within the purview of the statute, the attempted consolidation is nevertheless void because the assent of the supreme court was not obtained, and the trustees of the plaintiff did not approve the course pursued.   Religious Corp. Law, § 12, as amended by chapter 56, Laws 1896.   See Religious Corp. Law, § 5, as amended by chapter 144, Laws 1897; MacLaury v. Hart, 121 N. Y. 636, 24 N. E. 1013.   In the case cited, Finch, J., in passing upon the validity of an agreement to consolidate two religious corporations without judicial sanction, says (page 642, 121 N. Y., and page 1014, 24 N. E.):

"The statute requires the assent of the supreme court;" and at page 643, 121 N. Y., and page 1014, 24 N. E., he uses the following language: "The agreement, whether made lawfully or unlawfully, honestly or dishonestly, could harm nobody, because it bound nobody, and served only like a petition or a pleading to bring the question into court, and place it before the appointed tribunal for adjudication."

The defendant contends, furthermore, that the plaintiff is estopped from availing itself of the invalidity of the attempted consolidation on the ground that its members unanimously voted in favor thereof. The stenographer's minutes, which form part of the record, show, however, that one Marcus Resnick, a witness called by the defendant, testified that one Flemenberg, a member of the plaintiff corporation, voted against such resolution.   But, even if there was no dissent, the plaintiff's members could not accomplish, even by a unanimous vote, that which the corporation itself, through its trustees, could not lawfully carry out.   It therefore follows that the resolution to consolidate was ineffectual, and the agreement pursuant thereto was void, with the result that no one became bound by that agreement.

In Mayor, etc., of City of Knoxville v. Knoxville & O. R. Co., 22 Fed. 758, Baxter, J., said (page 762):

"Everything done by a corporation in excess of such authority is voidable at the instance of the parties interested in and injuriously affected thereby."

In Re Era Assur. Soc., 30 Law J. Eq. 137, Wood, V. C., comments upon the amalgamation of two corporations, engaged in the same business, without express sanction of law, in these words (page 140):

"If there was no such power,—and I feel myself bound to hold that there was none,—then no decisions of meetings of shareholders, however multiplied, can possibly bind any single shareholder who felt it afterwards his interest to say that he was not bound by the transaction. When you once arrive at the conclusion that the matter is ultra vires, you cannot possibly bind the shareholders by an application either of the assets of the company or of the powers of the directors to purposes which are not provided for by the deed. * * * It does not appear to me that anything was done by the shareholders at their meeting in respect of the union between the two companies which can give any force or effect to that union, or which would make the transaction in respect of that amalgamation valid."

The defendant claims substantially that the plaintiff has not kept up its separate organization and separately exercised its corporate franchise since March 6, 1897, when its members resolved to consolidate with the defendant for the probationary period of six months; and that hence it ceased to be a corporation, and that it has not legal capacity to sue. But the uncontradicted proof shows that prior and subsequent to the execution of the said agreement dated May 25, 1897, and which took place on the 28th day of May 1897, meetings of the plaintiff's members were held, and that on the 29th day of May, 1897, the attempted consolidation was repudiated, a committee was appointed to demand from the defendant the return of the property received by it upon such amalgamation (being the chattels and moneys in controversy), and officers for the ensuing term were elected. All these things were done without any intervention by or on behalf of the state, and under the circumstances it must be held that the plaintiff has not ceased to be a corporation. State v. Crawfordsville & S. Turnpike Co., 102 Ind. 283, 1 N. E. 395. Nor did the fact that an election for officers was not held in March, 1897, the time designated therefor, import a dissolution of the plaintiff corporation. Section 23 of the general corporation law (Gen. Laws, c. 35; 2 Rev. St. [Banks & Bros.' 9th Ed.] p. 985) provides:

"If the directors shall not be elected on the day designated in the by-laws, or by law, the corporation shall not for that reason be dissolved; but every director shall continue to hold his office and discharge his duties until h's successor has been elected."

It results from these views that the judgments should be reversed, and a new trial ordered in each case, with costs to the appellant to abide the event. All concur.