(32 Misc. Rep. 269.)

ERSTE SOKOLOWER CONGREGATION ANSHE YOSHER v. FIRST
UNITED ROYATINER SOKOLOWER VEREIN.

(Supreme Court, Special Term, Kings County. July, 1900.)

1. TITLE TO PROPERTY—EQUITY—REMEDY AT LAW.

Where it appears, in a suit in equity to declare plaintiff the owner of certain personal property, that the title to such property was already in litigation at law, and that plaintiff's remedy there is adequate, the equity court will refuse to determine such title.

2. RELIGIOUS SOCIETIES—CONSOLIDATION—CEMETERY LOTS—TRESPASS—INJUNC-
TION—PARTIES.

Plaintiff, a religious corporation, contracted to purchase certain burial lots from a cemetery association, payment to be in installments, neither title nor right to possession to pass till full payment. Two installments were paid, and, under oral permission of the grantor, some interments were made. Subsequently a consolidation was attempted between plaintiff and defendant, another religious corporation, without complying with the statutory requirements, and plaintiff's cemetery contract was assigned to the new society, and surrendered to the cemetery association, and a new one issued to the new society on the same terms, crediting plaintiff's payments thereon. Thereafter a number of members of defendant and the new society were interred in the lots, under similar oral permission, and payments on the purchase price were made by defendant, the new society. Held, in an action to annul the consolidation, that no injunction could issue to enjoin defendant from interfering with the burial lots, since neither plaintiff nor defendant had any right to possession of the lots before payment in full to the cemetery association, which was not a party to the action, and would not be bound by any judgment.

3. RELIGIOUS SOCIETIES—CONSOLIDATION—VALIDITY.

Where plaintiff and defendant, religious corporations, made an oral consolidation, without any attempt to observe the statutory provision relating to consolidation of such corporations, the consolidation was ineffective to transfer any of plaintiff's property to the new society, but was ultra vires and void.

Action by the Erste Sokolower Congregation Anshe Yosher against the First United Royatiner Sokolower Verein. Judgment for plaintiff.

Abraham B. Schleimer, for plaintiff.

David W. Rockmore (Louis J. Vorhaus, of counsel), for defendant.

CHESTER, J. The plaintiff seeks by this action to have an attempted consolidation between the plaintiff and the defendant declared illegal; to enjoin the defendant and its members from interfering with certain lots claimed to be owned by the plaintiff in a burial ground; to declare the plaintiff to be the owner and entitled to the possession of such lots, and also the owner of certain personal property, consisting of scrolls, altar, and other articles necessary to conduct religious ceremonies according to the Jewish faith, as well as of the sum of $283, deposited in a savings bank in the name of Erste Vereingte Royatiner Sokolower Kranken Unterstutzen Verein, which was the name taken by the society after the attempted consolidation. The plaintiff is a domestic corporation, organized in 1883 for benevolent and charitable purposes, under the act of 1848. The defendant is also a domestic corporation, organized in 1897, under the membership corporations law, for the purposes of worship and mutual benefit.

The new or consolidated society is claimed to be an unincorporated association formed for similar objects.

It is urged by the defendant that the plaintiff has an adequate remedy at law, and therefore cannot maintain this action in equity. In answer to this suggestion, the plaintiff insists that the defendant has not pleaded that as a defense, and cites the well-known rule that unless so pleaded a defendant cannot, when sued in equity, avail himself of that defense. Lough v. Outerbridge, 143 N. Y. 271, 38 N. E. 292, 25 L. R. A. 674. But the rule does not apply here, for the reason that the plaintiff has alleged in its complaint that it has no adequate remedy at law, and that fact is denied in the answer. The defendant has, therefore, by its denial, raised the question and pleaded that defense in its answer.

With respect to the scrolls and other personal property and the deposit in the savings bank, it is clear, under the proofs, that adequate remedies exist at law, and that these are being pursued. It appears that the plaintiff has already brought an action in the municipal court to replevin the scrolls and personal effects, and has in that action secured and now has the possession of the property. The title thereto can be adjudicated in that action, and there is no necessity here for any other adjudication in respect to it.

It also appears that the new society in whose name the deposit of $283 was made has brought an action against the savings bank to recover the deposit, and that the plaintiff has been interpleaded therein, and that the money is now deposited with the city chamberlain to abide the order of the court in that action, which is still pending undecided. My recollection of the testimony is that in this deposit are included the assessments and dues paid by the members after the time of the attempted consolidation, and therefore includes moneys not belonging to the plaintiff at that time. There is no sufficient proof as to how much has been paid in since then. The right to this fund can better be determined in the interpleader suit than here, and the remedy there is adequate.

As to the lots in the burial ground, it is not clear that the plaintiff has an adequate remedy at law. It appears that the plaintiff in 1896 entered into a written contract with the Chevra B'nai Sholom, a cemetery association, for the purchase of these lots for the sum of $840, to be paid in installments, a deed to be given when all payments were made, and that prior to the attempted consolidation the plaintiff had paid two installments, amounting to $150, upon this contract. There was nothing in the contract giving the plaintiff any right to the possession or use of the lots in question, but the proof shows that there had been an oral permission on the part of the cemetery association to the plaintiff to make interments of its deceased members in these lots, and several such burials had in fact been made. Neither the legal title nor the right to possession was in the plaintiff under its contract of purchase. It was not in a position, therefore, to maintain an action of ejectment. It apparently has no remedy at law to enforce any rights it may have with respect to these lots. The oral permission or license to make interments is one that may be revoked at any moment, but the plaintiff has an equity in the lots to the extent

of the money it has paid on its contract, and a right to have a deed of them upon complying with the conditions of the contract, and making the payments as therein required.

Here another phase of the controversy presents itself. In July, 1897, the plaintiff's contract was delivered to the cemetery association, having indorsed thereon an assignment of it to the new society, the Erste Royatiner Sokolower Kranken Unterstutzen Verein, purporting to have been executed by Mr. Schlauger, as president, and Mr. Karp, as secretary, of the plaintiff. It is denied, however, that they were officers of the plaintiff at that time. In November following, a new contract for the same lots, for the same purchase price, and upon substantially the same terms was made between the cemetery association and the new society, upon which the amount paid by plaintiff is credited. Since that contract a number of the members of the defendant and of the new society have been buried in the lots, and the defendant or the new society has paid several installments of the purchase price, amounting to $195, making, with the $150 paid by the plaintiff, the aggregate amount received by the cemetery association the sum of $345, and leaving still payable for the lots to the cemetery association under the new contract the sum of $495. But this cemetery association is not a party to this action, and no adjudication as to the rights and equities of these parties can be made which will bind it or affect its rights. Neither the defendant nor the new society is in possession of the lots, or has any right to such possession under the new contract. What they have done with respect to the lots and to burials therein has been by the oral permission of the cemetery association, which, under both contracts, retains the possession and control of the lots. These acts cannot be prevented in this action, because the party permitting them and having control of the lots has not been brought into court.

I need consider but one other feature of the case; that is, as to the alleged agreement to consolidate. It appears that in February, 1897, the members of the plaintiff and of the defendant conferred together with the view to consolidate the two societies, and that as a result of these negotiations an oral agreement to unite was effected. On the trial the witnesses disagreed as to the terms of this agreement. On the part of the plaintiff it was claimed, in substance, that a part of the agreement to unite was that the plaintiff should permit the use of its property by the new society during the time that all the members acted together, and that, if at any time within four years thereafter there was a disagreement, the plaintiff's members might withdraw and repossess its property, and in addition thereto all money which should be contributed by the members for assessments or dues while they were acting as a consolidated society. The defendant, on the other hand, insists that at the time of the alleged consolidation the plaintiff was unable to meet the installments becoming due upon its cemetery contract, and was fearful of forfeiting the moneys paid and losing its rights under it, and therefore desired to bring its property and its members in, and assign its contract to, the new society, and have that assume and pay the installments as they should mature upon the contract, and, upon that course being agreed to, the officers

of the plaintiff assigned the contract with the cemetery association to the new society, and surrendered it to enable the latter to procure the new contract, which was obtained from the cemetery association. I do not think it is essential to determine this conflict as to the terms of the agreement for consolidation entered into. It is sufficient that there was an understanding reached to unite forces, and that by force of that arrangement the new society procured the use of the property of the plaintiff.

I have no doubt that the attempted consolidation, or the agreement to consolidate and to take the plaintiff's property into the new society, was without warrant of law. Both the plaintiff and defendant were corporations. There was no attempt to comply with the provisions of any law authorizing the consolidation of corporations, and there can be no such consolidation except pursuant to legislative authority. The agreement to consolidate being ultra vires and void, it was not effective to transfer any of the property, which the plaintiff then held, to the consolidated society. Chevra B'nai Israel Anshe Yanove und Motal v. Chevra Bikur Cholim Anshe Rodof Sholem, 24 Misc. Rep. 189, 52 N. Y. Supp. 712; Davis v. Congregation Beth Tephilas Israel, 40 App. Div. 424, 57 N. Y. Supp. 1015; Chevra Medrash Aushei Makaver v. Makower Chevra Auchei Poland (Sup.) 66 N. Y. Supp. 355. To this extent I think the plaintiff is entitled to judgment, but, under the circumstances of this case, it should be without costs.

Judgment for plaintiff, without costs.