(108 App. Div. 327.)

### CLEMENTS v. SHERWOOD-DUNN et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. SPECIFIC PERFORMANCE—CONTRACTS TO DELIVER STOCK—GROUNDS OF RELIEF.

An action to compel specific performance of a contract to deliver stock in a specified corporation, which plaintiff has no special interest in acquiring, except for the pecuniary advantage which will accrue to him from its ownership, cannot be maintained simply because it appears that there have been no sales of the stock in question, that it is not listed on any exchange, and that defendant is the owner of a large majority of the stock, so that it will be difficult, although not impossible, to ascertain its value.

2. EQUITY—PLEADING—ANSWER—DENIAL OF EQUITABLE JURISDICTION.

A denial in an answer of an allegation in a complaint that plaintiff has no adequate remedy at law is sufficient, without an affirmative allegation that plaintiff has a legal remedy, to draw the question of equitable jurisdiction in issue.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 426.]

Appeal from Special Term, New York County.

Action by Hurin M. Clements against B. Sherwood-Dunn and another. From a judgment for plaintiff, defendant Sherwood-Dunn appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and INGRAHAM.

Charles F. Brown, for appellant.
Arthur E. Kaulfuss, for respondent.

CLARKE, J. This is an appeal by defendant Sherwood-Dunn from a judgment for plaintiff rendered upon a trial at Special Term. The action was brought in equity to procure the specific performance of

an alleged oral contract by which the plaintiff claimed that the defendants had agreed to deliver to him certain shares of stock of the Northampton Portland Cement Company in consideration of services rendered by him in promoting the company. Assuming that the making of the contract and the rendition of the services have been established by the evidence, there would result an action at law to enforce the payment therefor; and, although the agreement was for payment by the delivery of specific shares of stock, ordinarily there would be no difficulty in enforcing the remedy in an action at law, for upon proof of the value of the stock a money judgment could be entered. It is plain that under such circumstances an action in equity for the specific delivery of the stock would not lie. The plaintiff alleges in his complaint as his ground for equitable relief:

"That the stock of the said company is valuable, but is not a listed stock and is not sold in the open market, and the same has no certain or fixed market value which will furnish a basis for the assessment of money damages; that plaintiff will be unable upon the trial of this action to introduce evidence as to the value of the $15,000 worth of stock of said company which still remains undelivered to plaintiff under said agreement with the defendants, and will be unable to furnish evidence as to the actual damage sustained by him for the failure of the defendants to so deliver, and that an action at law would not furnish to the plaintiff either a complete or adequate, or any, remedy in the premises; and that, unless the defendants are required to deliver to plaintiff the said stock, the plaintiff will suffer great, irreparable, and irremedial loss and injury in the premises."

The defendant denied each and every allegation in said paragraph contained, and alleged affirmatively, to the contrary, that the stock—

"Is sold in the open market and has a certain and fixed market value, which can readily be determined, and that plaintiff has himself recently sold certain shares of said stock in the open market at a stated market value, and that many other persons have recently sold many hundreds of shares of said stock, and that its value can easily be ascertained and proved."

It appears from the evidence that the plaintiff in 1901 sold some shares for $10 a share; that in December, 1901, he offered in writing to sell 50 or 100 shares for $15 a share, "but will not take less; don't offer it about, as it only breaks the market, but if you know of any one who wants to pay that for 50 or 100 shares I might let it go;" that Stayton knew of sales of stock from $25 to $10 a share; that Dunn testified that one McCreery had bought 500 shares at $20 per share; that about a year before the trial the defendant Morrison sold 35 shares at $47.50 per share; and that upon further questions as to value, upon objection by the plaintiff, that evidence was excluded by the learned court, who said:

"We will stop further inquiry as to value, as counsel says he is seeking for specific performance."

At the close of the plaintiff's case the defendant moved to dismiss the complaint, saying:

"This is a case for specific performance. I contend, at most, that this case should go to the jury to fix the amount of damages, if anything should be awarded to the plaintiff; that the plaintiff has not made out a case which would warrant this court in awarding him a specific performance."

And he duly excepted to the denial of this motion.

Since the judgment below was entered this court, in Butler v. Wright, 103 App. Div. 463, 93 N. Y. Supp. 128, has specifically passed upon the two important questions involved, namely: First. Does the fact that a stock is not listed and sold or offered for sale, so that a market value may be readily established, warrant an equitable action for specific performance, when that state of facts is the sole ground relied on? Second. Can the defendant urge that the case is not of equitable cognizance when he has not specifically set that matter up in his answer?

As to the first proposition, the court held that an action to compel specific performance of a contract whereby the defendant agreed to deliver to the plaintiff a number of shares of the stock in a specified corporation, which the plaintiff had no special interest in acquiring except for the pecuniary advantage which would accrue to him from its ownership, cannot be maintained simply because it appears that there have been no sales of the stock in question, that it is not listed on any exchange, and that the defendant is the owner of a large majority of the stock of the corporation, and hence that it will be difficult, although not impossible, to ascertain the value of the stock. The case at bar is stronger than the case cited, because there have been sales of the stock, and, so far from the defendant and appellant Dunn being the owner of a large majority of the stock, it does not appear from the evidence that he owns or controls any of it, and therefore a reversal upon that ground alone might be proper.

As to the second proposition, this court held that a denial in an answer of an allegation in the complaint to the effect that the plaintiff had no adequate remedy at law is sufficient, without an affirmative allegation that the plaintiff did have a remedy at law, to raise an issue upon that point. From the citation of the allegations of the complaint and answer hereinbefore set forth it will be seen that that precise situation is presented in the case at bar.

The case, therefore, being not one of equitable cognizance, the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.