**STEWART et al. v. AMERICAN LIFE INS. CO. (two cases).**
Nos. 1268, 1269.

Circuit Court of Appeals, Tenth Circuit.
Dec. 16, 1935.

Chas. G. Yankey, of Wichita, Kan. (William Keith, Harvey C. Osborne, John G. Sears, Jr., and Verne M. Laing, all of Wichita, Kan., on the brief), for appellants.

Henry V. Gott, of Wichita, Kan. (Jos. G. Carey and Vermilion, Evans, Carey & Lilleston, all of Wichita, Kan., on the brief), for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

On February 23, 1932, the American Life Insurance Company issued two policies of insurance on the life of Reese Smith Stewart. Each contains the following incontestable clauses:

"This policy shall be incontestable, except for non-payment of the premium, after one year from its date of issue if the Insured be then living, otherwise after two years from its date of issue. * * *"

Stewart died May 31, 1932. On September 3, 1932, the Insurance Company brought these suits in equity to cancel the policies on the ground of alleged fraudulent statements in the application therefor. On October 11, 1932, Reese Smith Stewart, Jr., and Ora Inez Stewart, the beneficiaries under the policies, brought actions at law thereon. On October 27, 1932, the Insurance Company filed supplemental bills in which they set up the pendency of the actions at law and prayed that the prosecution of the same be enjoined.

The defendants to the equity suits filed motions to dismiss the bills on the ground that the Insurance Company had an adequate remedy at law. On July 28, 1933, the court overruled the motions to dismiss, and the defendants duly excepted.

Thereupon the parties stipulated that the suits in equity should be tried in advance of the actions at law.

The bills alleged that the Insurance Company was without an adequate remedy at law in the premises. The defendants in their answers denied that allegation, and denied that the Insurance Company was entitled to any relief in equity.

The equitable actions were consolidated. From a decree cancelling the policies the defendants have appealed.

Stewart having died within a year from the date of issue of the policies, the incontestable period did not expire until February 23, 1934. The suits in equity were filed one year, five months, and twenty days prior to the expiration of the incontestable period. There was then no danger of the defense of fraud being lost by reason of the expiration of such period.

In Di Giovanni v. Camden Fire Ins. Ass'n (U.S.) 56 S.Ct. 1, 3, 80 L.Ed. —— (decided November 11, 1935) the court said:

"This Court has recently pointed out that equity will not compel the cancellation and surrender of an insurance policy procured by fraud where the loss has occurred and a suit at law to recover the amount of the loss is pending or threatened. Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440. The alleged fraud of petitioners, as well as their alleged destruction of the property insured, are defenses available in suits at law upon the policies. While equity may afford relief quia timet by way of cancellation of a document if there is a danger that the defense to an action at law upon it may be lost or prejudiced, no such danger is apparent where, as respondent's bill affirmatively shows, the loss has occurred and suits at law on the policies are imminent, and there is no showing that the defenses cannot be set up and litigated as readily in a suit at law as in equity. See Enelow v. New York Life Insurance Co., supra, 293 U.S. 379, 384, 385, 55 S.Ct. 310, 79 L.Ed. 440."

Here the actions at law were imminent when the original bills were filed and pending when the supplemental bills were filed. Neither the original bills nor the supplemental bills set up facts showing that the defense of fraud could not be set up and litigated as readily in an action at law as in a suit in equity. It follows that the Insurance Company had an adequate remedy at law.

Counsel for the Insurance Company assert that the defendants, by answering over and entering into the stipulation, waived the want of jurisdiction in equity.

Where the court has jurisdiction of the subject matter and the parties are before it, and the case is within the field of equitable jurisdiction, the objection that plaintiff has an adequate remedy at law may be waived by the defendant. Lyons Milling Co. v. Goffe & Carkener (C.C.A. 10) 46 F.(2d) 241, 245, 83 A.L.R. 501.

But here the defendants challenged the equity jurisdiction, both by the motions to dismiss and by the denials above adverted to in their answers.

Where, as here, the case is not one which could properly be transferred to the law docket, the objection that plaintiff has an adequate remedy at law may be raised by motion to dismiss, or by the answer. Equity Rule 29, 28 U.S.C.A. following section 723; Kaufman v. Wiener, 169 Ill. 596, 48 N.E. 479.

Where the plaintiff alleges that he has no adequate remedy at law a denial of that

602

fact in the answer properly raises the objection.[1]

Answering over after the denial of a motion to dismiss for want of equity, where the answer also challenges the equitable jurisdiction, does not constitute a waiver of the want of equitable jurisdiction. Kaufman v. Wiener, supra. Nor do we think the defendants waived the objection by stipulating the equitable suits should be ·tried in advance of the actions at law after they had unsuccessfully challenged the equitable jurisdiction by proper motions to dismiss. When the court ruled adversely the only course open to them was to renew the objection in their answers and proceed to trial.

The decree is reversed and the cause -remanded with instructions to dismiss the bills without prejudice to setting up the alleged fraud as a legal defense to the actions at law.

---

[1] Clements v. Sherwood-Dunn, 108 App. Div. 327, 95 N.Y.S. 766; Id., 187 N.Y. 521, 79 N.E. 1102; Butler v. Wright, 103 App. Div. 463, 93 N.Y.S. 113, 119 (reversed on other grounds 187 N.Y. 526, 78 N.E. 1002); Erste Sokolower Congregation v. First United R. Sokolower Verein, 32 Misc. 269, 66 N.Y.S. 356, 357.