GEORGE P. BUTLER, Appellant, *v.* RICHARD H. WRIGHT, Respondent.

APPEAL — ERRONEOUS REVERSAL BY APPELLATE DIVISION OF JUDG-MENT DIRECTING SPECIFIC PERFORMANCE — CODE CIV. PRO. § 1338. The question whether a party is entitled to the specific performance of an executory contract relating to personal property, or should be confined to an action at law to recover damages for a breach, rests in the sound discretion of the court; and upon an appeal from a judgment directing specific performance entered upon the report of a referee, although the Appellate Division in the exercise of its discretion may reverse upon the facts, where its order of reversal is silent as to the grounds thereof it must be assumed to have been based upon questions of law only; and if no error of law appears and there is evidence to sustain the findings of fact by the referee, the judgment must be affirmed.

*Butler* v. *Wright*, 103 App. Div. 463, reversed.

(Argued October 15, 1906; decided October 26, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 20, 1905, reversing a judgment in favor of plaintiff entered upon the report of a referee and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Mathewson, Benjamin S. Harmon* and *Edward J. Patterson* for appellant. There being evidence in support of each of the referee's findings of fact, the same are conclusive in this court. (*Ogden* v. *Alexander,* 140 N. Y. 356; *First Nat. Bank* v. *Chalmers,* 144 N. Y. 432; *Marvin* v. *B. I. M. Co.,* 55 N. Y. 538.) Plaintiff is entitled to a specific performance of the contract. (*Cushman* v. *T. M. J. Co.,* 76 N. Y. 365; *Wister* v. *Lawson,* 44 App. Div. 635; *Adams* v. *Messinger,* 147 Mass. 185; *Jones* v. *Brown,* 171 Mass. 318; *N. E. T. Co.* v. *Abbott,* 162 Mass. 148; *Frue* v. *Houghton,* 6 Col. 318; *Krouse* v. *Woodward,* 110 Cal. 638; *Goodwin's Appeal,* 117 Penn. St. 514; *Reilly* v. *Freeman,* 1 App. Div. 560; *Clarke* v. *Rochester Co.,* 18 Barb. 350; *Sternberger* v. *McGovern,* 56 N. Y. 12.)

*Delos McCurdy* for respondent. The complaint does not state, and the proof does not show, a case for the specific performance of this contract. (Pomeroy on Spec. Perf. § 14; Fry on Spec. Perf. § 66; Story's Eq. Juris. § 724; Bispham's Prin. of Equity, § 368; *Stanton* v. *Percival,* 5 H. L. Cas. 257–268; *Cowles* v. *Whitman,* 10 Conn. 121; *McGowan* v. *Remington,* 12 Penn. St. 56; *Cushman* v. *T. Mfg. Co.,* 76 N. Y. 365; *Johnson* v. *Brooks,* 93 N. Y. 337; *Kennedy* v. *Thompson,* 97 App. Div. 296; *Bateman* v. *Straus,* 86 App. Div. 540; *Bedford* v. *A. A. Co.,* 51 App. Div. 538; *Foll's Appeal,* 91 Penn. St. 434; *Matter of Argus Co.,* 138 N. Y. 557.)

HAIGHT, J. This action was brought to compel the specific performance of a contract for the purchase and sale of stock. The contract upon which the action is based was to the effect

that the plaintiff agreed to procure and turn over to the
defendant all of the capital stock of the Economy Packing
Company, a New Jersey corporation, and that the defendant
agreed to pay therefor by delivering to the plaintiff five
hundred shares of the capital stock of the Wright's Auto-
matic Tobacco Packing Machine Company, a West Virginia
corporation.

The chief question of fact litigated upon the trial was the
alleged false and fraudulent representations made by the plain-
tiff to the defendant, by which he was induced to enter into the
contract.   But this issue was found by the referee in favor of
the plaintiff, thus disposing of that branch of the case so far
as this court is concerned.   The complaint further alleged, in
substance, and the referee has found as facts, that the stock
of the Wright Company had never been listed on any
exchange or had any quoted value or any definite market
price or any certain value capable of exact ascertainment;
that the defendant was the owner of at least ninety-two per
cent of the stock and controlled the balance.   Upon these
facts the referee found that the plaintiff had no adequate
remedy at law, and, therefore, ordered specific performance
of the contract.   To these conclusions appropriate exceptions
were taken by the defendant.   The Appellate Division has
reversed the judgment entered upon the report of the referee
and ordered a new trial.   The order of reversal does not
specify the ground, and, therefore, under section 1338 of the
Code of Civil Procedure, we are required to presume that the
judgment was not reversed or the new trial granted upon a
question of fact.

It will be observed that the agreement which the plaintiff
seeks to have specifically performed was in its character exec-
utory, and that, upon its breach, the plaintiff had the right
to resort to such remedy as the law afforded, and the question
now arises as to whether a court of equity should entertain
jurisdiction and compel specific performance, or whether he
should be remitted to a court at law to recover the damages
which he has sustained.   The rule is that, as to contracts per-

taining to personal property, a party should be confined to his action for damages, unless it appears that he is entitled to the thing contracted for in specie, which to him has some special value and which he cannot readily obtain in the market, or in cases where it is apparent that compensation in damages would not furnish a complete and adequate remedy. But in each case the question as to whether a court of equity will take jurisdiction and grant the relief asked for rests in the sound discretion of the court and it cannot be demanded as a matter of right. (*Johnson* v. *Brooks,* 93 N. Y. 337; *Matter of Petition of Argus Co.,* 138 N. Y. 557, 572; *Williams* v. *Montgomery,* 148 N. Y. 519; *Bomeisler* v. *Forster,* 154 N. Y. 229; *Lighthouse* v. *Third Nat. Bank,* 162 N. Y. 336.) The question, therefore, that was presented to the Appellate Division for its determination was one calling for the exercise of its sound discretion, and this discretion was to be exercised upon a consideration of the facts and circumstances disclosed by the record in the case. That court, as we have seen, has reversed the judgment. While it cannot be said, as matter of law, that there was no evidence to sustain the findings of fact by the referee, it was authorized to reverse, in its discretion, upon a consideration of the facts, but it was not bound or authorized to do so as a question of law. The difficulty is that the court, in its order of reversal, has failed to state that the reversal is based upon the facts or in the exercise of its discretion. Under the provisions of the Code alluded to, we are compelled to assume that it was reversed upon the law only. This cannot be sustained, and it follows that the order of the Appellate Division must be reversed and judgment entered upon the report of the referee affirmed, with costs in all the courts.

Cullen, Ch. J., Vann, Willard Bartlett and Hiscock, JJ., concur; Werner, J., dissents; Gray, J., absent.

Order reversed, etc.