HAPGOODS v. LUSCH.

(Supreme Court, Appellate Division, Second Department.　December 6, 1907.)

1. CORPORATIONS—SUBSCRIPTIONS TO STOCK—STATUTES.
   Statutes, and not common-law principles, regulate contracts for shareholding in corporations, and the omission to obey a statutory requirement of a payment in cash upon a stock subscription makes the subscription invalid.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 208.]

2. SAME—PAYMENT BY NOTE.
   Defendant's giving of his note as payment for 10 per cent. of the value of stock purchased by him was not equivalent to the cash payment of 10 per cent. required by Stock Corporation Law, Laws 1892, p. 1835, c. 688, § 41; the transaction not constituting a payment, but merely a promise to pay.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 366.]

3. SAME—IRREGULAR ISSUE OF STOCK—CONSIDERATION FOR NOTE.
   Plaintiff, a corporation, employed defendant for a term at a fixed salary and a percentage.　Defendant purchased preferred stock of the plaintiff, to be paid for by his promissory note.　Plaintiff agreed, in consideration and in part payment of services, that the purchase of the preferred stock should entitle defendant to a bonus of 100 per cent. of its common stock, to be delivered to him by plaintiff's president.　Held that, though the agreement for the bonus and for employment was part of the consideration for defendant's note, yet, the contract being entire, another part of the consideration was the issuance of the preferred stock, and if defendant's stock was issued without the required cash payment of 10 per cent., its issue was invalid, and this part of the consideration for the note was void, and hence plaintiff could not maintain an action thereon.

4. APPEAL—REVIEW—DISCRETION OF COURT.
   The question of additional allowance, being largely within the discretion of the trial court, will not be reviewed on appeal, except in cases where a clear abuse of that discretion appears.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3881-3888.]
   Hooker, J., dissenting from order granting extra allowance.

Appeal from Special Term, Kings County.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

W. C. Reddy, for appellant.

Theophilus Parsons, for respondent.

JENKS, J. The appeal is by the plaintiff. The action is upon defendant's promissory note, which reads:

"$2500.                  New York, Oct. 27th, 1904.

"On Nov. 1st, after date, I promise to pay to the order of Hapgoods, Inc., twenty-five hundred dollars at their office, for 25 shares Hapgoods, Inc. stock. Value received.                         R. M. Lusch."

When it appeared on the trial that the note was given in payment of an original issue of stock in the plaintiff corporation, made to the defendant after the corporation was formed, and that the defendant had not paid in 10 per cent. cash, the court directed a verdict for the defendant. See section 41, Stock Corporation Law (Laws 1892, p. 1835, c. 688).

In this state the statutes, not common-law principles, regulate contracts for shareholding in corporations. General Electric Co. v. Wightman, 3 App. Div. 118, 123, 39 N. Y. Supp. 420. In this state it is settled that the omission to obey a statutory requirement of a payment in cash upon a subscription makes the subscription invalid, and not binding upon the subscriber. N. Y. & Oswego M. R. R. Co. v. Van Horn, 57 N. Y. 473; Cook on Corporations (5th Ed.) § 174; South Buffalo Natural Gas Co. v. Bain, 9 Misc. Rep. 425, 30 N. Y. Supp. 264, citing authorities. The giving of the note was not the equivalent of a cash payment of 10 per cent. In Excelsior Grain Binder Co. v. Stayner, 25 Hun, 91, and in Durant v. Abendroth, 69 N. Y. 148, 25 Am. Rep. 158, the reasoning which rejected checks as equivalent to cash is applicable to notes as well. Such a transaction is not a payment but a promise.

It is contended by the learned counsel for the appellant that Ogdensburg, Clayton & Rome R. R. Co. v. Wooley, *40 N. Y. 118, and s. c. 3 Abb. Dec. 398, is authority which renders it "doubtful whether the note would have been void." That case was cited to the Commission of Appeals by the appellant in N. Y. & Oswego M. R. R. Co. v. Van Horn, supra. It was to recover upon installments due upon a stock subscription. Originally the defendant had given his note for the 10 per cent. cash requirement. Afterwards the defendant gave two notes for a sum including the 10 per cent., and the original note was surrendered. The notes were negotiated and then put in judgment, which was satisfied. The defense to the action on the installments was the nonpayment of the 10 per cent. in cash. The court held that as the corporation had actually received the 10 per cent. in cash, and as the defendant thereupon became a stockholder, he could not repu-

diate that relation, and his consequent liability for the balance due upon his stock when action was brought subsequent to the realization upon the notes. But that judgment is not an authority upon the proposition that such a subscriber who does not pay 10 per cent. cash is nevertheless liable upon his subscription.

It was admitted that the note was made "pursuant to a contract" executed by the plaintiff and defendant on September 27, 1904. The agreement recited that, whereas, the plaintiff desired the defendant to work for it, and the defendant desired to work for it, in consideration of the premises, and in further consideration hereinafter mentioned, it was mutually agreed, etc. The plaintiff agreed to give such employment and to pay the defendant $125 a month, and the additional sum of 10 per cent. of the net profits of the New York office. The agreement also provided:

"It is further agreed by the party of the first part that in consideration of and in part payment for the services rendered by the party of the second part that the stock purchased as above by the party of the second part shall entitle said party of the second part to a bonus of 100 per cent. of common stock to be delivered by Herbert J. Hapgood, of which 50 per cent. shall be delivered at the time the preferred stock is paid for in cash, and 50 per cent. one year from date of this contract, providing the party of the second part is employed with Hapgoods at that time."

The appellant urges that inasmuch as pursuant to the agreement the stock was to be delivered by Herbert J. Hapgood, not the plaintiff, which stock had been already issued, "this alone was sufficient to prevent the note from being void." But the stock for which the note was given is referred to in the undertaking of defendant in that contract, which reads as follows:

"To subscribe for and pay for 50 shares of the preferred stock of Hapgoods at $100 per share, par value; 25 shares to be paid for by his certain promissory note given this day and due November 1, 1904. The balance of the 25 shares to be paid for on or before December 31, 1904."

It was admitted that the note was made pursuant to the contract. It appears then that the stock which was to be delivered by Herbert Hapgood was a bonus of common stock, not the stock in question, and, moreover, that "it was in consideration of and in part payment of the services." The stock in question is that referred to in the undertaking of the defendant quoted supra, and the express terms of its sale are that 25 shares thereof are to be paid for by his (the defendant's) promissory note given this day and due November 1, 1904. And the note expressly reads that it is given for such stock. The transaction between the parties then was this: The plaintiff employed the defendant for a term at a fixed salary and a percentage. The defendant purchased certain preferred stock to be paid for by the note in question. Plaintiff agreed in consideration and in part payment of services that the preferred stock so purchased should entitle the defendant to a bonus of 100 per cent. of the common stock to be delivered by Herbert J. Hapgood, who the record shows was its president. I fail to see how that bonus changes the character of the sale and purchase of the preferred stock, which admittedly was to be paid for by the note in suit; but, assuming that the agreement for the bonus and for

employment did constitute part of the consideration for the note im suit, yet, the contract being entire, another part of such consideration is the issuance of 25 shares of the preferred stock. Now it is. enough to defeat the plaintiff if part of the consideration was illegal and void. Crawford v. Morrell, 8 Johns. 253; Saratoga County Bank v. King, 44 N. Y. 87; Barton v. Port Jackson & Union Falls Plank Road Co., 17 Barb. 397, 406, 407; Joyce on Defences to Commercial Paper, note p. 367.

The question of the additional allowance was largely to be determined by the trial court, and I cannot say that the exercise of its discretion was so unwise as to justify any interference on our part.

Judgment affirmed, with costs.

WOODWARD and MILLER, JJ., concur. HOOKER, J., votes to modify the order by striking out the provision granting extra allowance. HIRSCHBERG, P. J., not voting.