EDNA P. WADDLE, as Administratrix of the Estate of CURTICE H. WADDLE, Appellant, *v.* OLIVER CABANA, JR., Respondent.

*Specific performance — personal property — literal performance — mutuality — when action for specific· performance ·of a contract for the sale of stock may be maintained.*

1. A contract for stock freely sold in the market would not be enforced by requiring specific performance, for an adequate remedy at law exists in such cases, but to deny this remedy when the stock has no ascertainable value, but has a large special and peculiar value, is nearly all owned by one man and can be obtained only from him, and only as a favor and for special reasons, would be to

deny the substantial benefit of the contract and defeat the relief which in such case should in conscience be given.

2. The Appellate Division reversed the judgment of the Special Term directing defendant to transfer to plaintiff certain shares of stock in a corporation at an agreed price in specific performance of a contract entered into between respondent and appellant's intestate by the terms of which the intestate, who died shortly after the execution of the contract, was to execute his promissory note for the price of the stock, which was to remain as collateral security. The Appellate Division, in the exercise of its original jurisdiction, disapproved the finding of fact (Code Civ. Pro. § 1338) "that the stock had no known or ascertained market value," and then reversed the judgment, not in the exercise of its discretion, which it could have done, but because the facts were insufficient to sustain the judgment on the law. On examination of the facts, it appears that the case is destitute even of the contention that the stock had any known or ascertainable market value, and the disapproval of the finding of the trial court was, therefore, erroneous and, as matter of law, the finding should be reinstated and the judgment of the trial court affirmed and that of the Appellate Division reversed.

3. No error of law is presented by the fact that the contract called for the personal promissory note of the intestate and that by his death literal performance became impossible. As the stock was to be held by defendant as collateral security for the indebtedness and to be released only when the same was fully paid, the note to be merely evidence of the indebtedness, the finding of the trial court that the note was not a material condition of the agreement and was not insisted upon by the defendant will be sustained.

4. The contract was mutual in its obligation and remedy. It binds plaintiff and defendant must perform.

5. The contract is not unenforceable for failure to comply with the Tax Law (§§ 270–278) relative to taxable transfers of stock. When the stock certificates are actually transferred the seller must stamp them to make an effective delivery in fulfillment of his contract, and the statute will then be fully satisfied.

*Waddle* v. *Cabana*, 169 App. Div. 968, reversed.

(Argued December 7, 1916; decided January 9, 1917.)

APPEAL from a judgment, entered June 16, 1915, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court

on trial at a Trial Term without a jury and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Carlton E. Ladd* for appellant. There was no issue joined upon the trial nor presented by the record to sustain the disapproval by the Appellate Division of any part of finding 5. (*Sloan* v. *Baird*, 162 N. Y. 327; *Johnson* v. *Brooks*, 93 N. Y. 337; *Butler* v. *Wright*, 186 N. Y. 259.) In any event, the Appellate Division erred in disapproving of a portion of the fifth finding of fact, and the error was an error upon a question of law and reviewable in the Court of Appeals. (*Livingston* v. *City of Albany*, 161 N. Y. 604; *O'Brien* v. *East River Bridge Co.*, 161 N. Y. 539; *Fritz* v. *Tompkins*, 168 N. Y. 530; *Hirsch* v. *Jones*, 191 N. Y. 195; *Hearst* v. *N. Y. C. R. R. Co.*, 215 N. Y. 272; *Harrigan* v. *Allen*, 127 N. Y. 640; *Kennedy* v. *Kennedy*, 165 N. Y. 360; *Lenox* v. *Lenox*, 195 N. Y. 360; *Untermyer* v. *Yonkers*, 188 N. Y. 595; *Preston* v. *Ætna Co.*, 193 N. Y. 144; *Butler* v. *Wright*, 186 N. Y. 262.) The judgment and order of the Appellate Division must be reversed also because of error in holding that the plaintiff did not make a case for specific performance or show that she did not have an adequate remedy at law for damages. (*Butler* v. *Wright*, 186 N. Y. 262; *Johnson* v. *Brooks*, 93 N. Y. 337; *Kennedy* v. *Thompson*, 97 App. Div. 286.)

*Daniel J. Kenefick, Clarence W. Roberts* and *Elmer G. Mansfield* for respondent. In an appeal to the Appellate Division of a case tried without a jury that court may grant the final judgment which in its opinion should have been granted by the trial court. (*Lamport* v *Smedley*, 213 N. Y. 82; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495; *Bonnette* v. *Molloy*, 209 N. Y. 167; *Middleton* v. *Whitridge*, 213 N. Y. 499.) The reversal of the

Appellate Division is not conclusively presumed to have been upon the law as urged by counsel for the appellant because the Appellate Division brought itself within the exception noted in section 1338 of the Code of Civil Procedure by specifying in its order of reversal the particular question of fact of which the disapproval was made, and because the Appellate Division did bring itself within the exception noted in section 1338 of the Code of Civil Procedure by specifying in its order of reversal the particular fact of which it disapproved, the Court of Appeals does not have jurisdiction to review the action of the Appellate Division in so reversing on the facts except to examine the record for the purpose of ascertaining whether there was testimony in the case to warrant the inference drawn by the Appellate Division that the stock in question had a known or ascertainable value. (*Pray v. N. Y. S. Nat. Bank,* 211 N. Y. 321; *Steinway* v. *Steinway,* 163 N. Y. 183; *Matter of Thorne,* 162 N. Y. 238; *Matter of Totten,* 179 N. Y. 112; *Tousey* v. *Hastings,* 194 N. Y. 79; *Ga Nun* v. *Palmer,* 216 N. Y. 603.) Until the plaintiff had alleged in her complaint facts showing that she had not an adequate remedy at law she had not set forth a cause of action entitling her to the equitable relief of specific performance. (*Slocum* v. *Closson,* 1 How. App. Cas. 705; *Winne* v. *Winne,* 166 N. Y. 263; *Butler* v. *Wright,* 103 App. Div. 463; *Clements* v. *Sherwood-Dunn,* 108 App. Div. 327; 187 N. Y. 521; *Harle* v. *Brennig,* 131 App. Div. 742; *Ehrich* v. *Grant,* 111 App. Div. 196.) The judgment of the Appellate Division reversing the judgment of the trial court and dismissing the plaintiff's complaint on the merits should, as a matter of law, be affirmed because this being an action to compel the specific performance of a contract for the sale of personalty, to wit, 100 shares of stock of the Buffalo Specialty Company, it became necessary for the plaintiff to allege and to prove by a preponderance of the evidence that she did not have an adequate remedy at law, and

she did not sustain that burden by proving that the stock was not listed upon an exchange and was not sold in the open market. (Story on Eq. Juris. § 1716; *Butler* v. *Wright,* 103 App. Div 463; 186 N. Y. 262; *Clements* v. *Sherwood-Dunn,* 108 App. Div. 327; 187 N. Y. 521.) The judgment of the Appellate Division reversing the judgment of the trial court and dismissing the plaintiff's complaint on the merits should, as a matter of law, be affirmed, because the record discloses that the plaintiff's interest in the stock of the Buffalo Specialty Company is pecuniary only, and does not disclose that the plaintiff had a special interest to acquire this specific stock and that a judgment for money damages would not fully compensate her for any loss she may have sustained. (2 Kent's Comm. 488; 36 Cyc. of Law & Pro. 557; 2 Story's Eq. Juris. 31.)    The judgment of the Appellate Division, reversing the judgment of the trial court and dismissing the plaintiff's complaint on the merits, should, as a matter of law, be affirmed, because, the stock not having been transferred and the notes not having been executed or delivered by plaintiff's intestate, the tender of performance made by plaintiff does not entitle her to a decree of specific performance.    (Pom. on Cont. [2d ed.] §§ 162, 163; 6 Pom. Eq. Juris. §§ 769, 771, 805; *Lorillard* v. *Clyde,* 142 N. Y. 462; 1 Daniel on Neg. Inst. [5th ed.] §§ 262, 263; *Jenkins* v. *Phillips,* 41 App. Div. 389.)    The judgment of the Appellate Division reversing the judgment of the trial court and dismissing the plaintiff's complaint on the merits should be affirmed as a matter of law, because the contract is unenforceable for failure to comply with the Stock Transfer Law.    (Cons. Laws, ch. 60, § 278.)

POUND, J.    This is an appeal from the Appellate Division, fourth department, unanimously reversing a judgment of the Erie Equity Term directing that defendant sell and transfer to the plaintiff as administratrix of the estate of her deceased husband, one hundred shares of

the capital stock of the corporation known as the Buffalo
Specialty Company, at the agreed price of $250 the share,
in specific performance of a contract therefor entered
into between respondent and the appellant's intestate in
his lifetime, by the terms of which appellant's intestate
was to execute his promissory note for $25,000, payable
$2,500 annually, the stock to remain as collateral security
for the indebtedness until it was fully paid.

The contract is not in dispute. The only stock in the
corporation not owned by respondent consists of eleven
out of five thousand shares. Respondent has entire con-
trol of the business; success therein depends largely upon
the success of specialties manufactured by secret processes.
Appellant's intestate was the general manager of the com-
pany. The contract was made on the 1st day of August,
1912, and he died on the 8th day of September, 1912. The
order of the Appellate Division provides as follows:

"Ordered, that the judgment so appealed from be and
the same hereby is reversed, and judgment directed for
the defendant dismissing the complaint, with costs,
including the costs of this appeal, and the fifth finding of
fact so far as it states 'that the said stock has no known
or ascertained market value' is hereby disapproved.

"Held, that the plaintiff did not make a case for spe-
cific performance or show that she did not have an ade-
quate remedy at law for damages."

As the answer admits in substance that the stock had
no market value and that any price placed upon the
same has been by private agreement, and as the evidence
and the findings fully sustain the allegations of the com-
plaint in this regard, the reasons for the reversal are not
clear from the statement of the court below that it dis-
approves the finding set forth in its order, and holds that
plaintiff has not made out a case for specific perform-
ance. The necessary inference seems to be that the
Appellate Division was not satisfied on the evidence with
this finding of the trial court, and by disapproving it

intended to leave the appellant without findings sufficient to make out a case for specific performance, because it would not then appear that she did not have an adequate remedy at law. It left undisturbed the findings that the stock of the Buffalo Specialty Company was almost entirely owned by the respondent; that it had a large, special and peculiar value, and that it could not be obtained on the market.

On an appeal from a judgment entered on the decision of the trial court without a jury, the Appellate Division may deal with the evidence as the trial court should have done and may render final judgment accordingly without granting a new trial. (Code Civ. Pro. § 1317; *Lamport* v. *Smedley,* 213 N. Y. 82; *Acme Realty Co.* v. *Schinasi,* 215 N. Y. 495.) In this case, in the exercise of its original jurisdiction, it disapproved a finding of fact, as appears on the face of the order (Code Civ. Pro. § 1338), and then reversed the judgment. It follows that in this court the question of law is presented, this being a judgment of reversal and not of affirmance, whether there was any evidence to permit a finding that the stock had not a known or ascertainable market value (*Livingston* v. *City of Albany,* 161 N. Y. 602, 604), for the court below could not disapprove the finding of the trial court except on the evidence. The case is destitute even of the contention that the stock had any known or ascertainable market value. No price therefor has been established by public sales in the way of ordinary business. No other property of the same kind has been the subject of purchase and sale. (*Sloan* v. *Baird,* 162 N. Y. 327, 330.) The disapproval of the finding of the trial court was, therefore, erroneous and, as matter of law, the finding should be reinstated. The findings are sustained by the evidence and sustain the judgment. It follows that the judgment of the Appellate Division should be reversed and that of the Trial Term affirmed for it does not appear that the Appellate Division reversed in the exercise of discretion.

In an action for specific performance of a contract relating to personal property, the case presented may be a proper one for such relief in the sound discretion of the court, but not as matter of right (*Butler* v. *Wright,* 186 N. Y. 259), and if the judgment below had proceeded on the theory that no case had been made out to justify the exercise of discretion in appellant's favor, no question of law would remain. The Appellate Division was authorized to reverse in its discretion, upon a consideration of the facts, but it was not bound or authorized to do so as a question of law. (*Butler* v. *Wright, supra.*) The reversal was because the facts found by the Appellate Division were held to be insufficient to sustain the judgment on the law. The practice has been indicated in two recent cases in this court. In *Butler* v. *Wright* (103 App. Div. 463) the referee had found for plaintiff and ordered specific performance because the stock had no market or ascertainable value. The Appellate Division reversed, but the order of reversal did not specify the ground. From the opinion it appears that the Appellate Division thought that on the facts the stock had no ascertainable value. This court reversed the Appellate Division and ordered judgment on the report of the referee (186 N. Y. 259), because the order of reversal was silent as to the grounds. If it had appeared that the Appellate Division had reversed *on the facts* in the *exercise of discretion,* this court would have affirmed the Appellate Division, but it was compelled to assume that the judgment was reversed on the law only, and as no error of law appeared and there was evidence to sustain the findings of the referee, the judgment entered upon the report of the referee was necessarily affirmed. In *Clements* v. *Sherwood-Dunn* (108 App. Div. 327) the trial court granted specific performance, the Appellate Division reversed and granted a new trial. It appeared that there had been sales of the stock and that the defendant did not own a large majority of it. Plaintiff stipulated for

judgment absolute and came to this court which affirmed the Appellate Division (187 N. Y. 521) without opinion, presumably because it appeared that on the law a case for specific performance had not been established.

The value of the stock in suit can be ascertained only in the most speculative way. A contract for the purchase of stock freely sold in the market would not be thus enforced, for an adequate remedy at law exists in such cases, but to deny this remedy when the stock has no ascertainable value, is nearly all owned by one man and can be obtained only from him, and only as a favor and for special reasons, would be to deny to appellant the substantial benefit of the contract (*Butler* v. *Wright, supra ; Adams* v. *Messinger,* 147 Mass. 185, 188; *Northern Cent. Ry. Co.* v. *Walworth,* 193 Penn. St. 207), and defeat the relief which should in conscience be given. On the law, the appellant was entitled to the judgment of the trial court, and it was error to reverse on the law.

Respondent urges that relief should be denied for lack of mutuality, because the contract called for the personal promissory note of Waddle for $25,000 as evidence of his indebtedness for the purchase price of the stock and that by his death performance became impossible. But the contract is not one for the personal services of Waddle and did not depend on his continued existence. It was for the payment of money by him and his death did not put an end to the obligation of the parties. (*Lorillard* v. *Clyde,* 142 N. Y. 456, 462.) His estate is bound by the obligations in the contract. The trial court has found, and the finding remains undisturbed, that the note was not a material condition of the agreement, and was not insisted upon by the defendant. As the stock was to be held by defendant as collateral security for the indebtedness and to be released only when the same was fully paid, the note was to be merely evidence of the indebtedness. The contract was mutual in its obligation and remedy. It binds the plaintiff and the defendant must perform.

(*Catholic Foreign Mission Society* v. *Oussani*, 215 N. Y. 1, 8, 9.) The question at most addressed itself to the discretion of the court and no error of law is presented in the finding thereon.

The contract is not unenforceable for failure to comply with the Tax Law (sections 270–278) relative to taxable transfers of stock. When the stock certificates are actually transferred the seller must stamp them to make an effective delivery in fulfillment of his contract (*Bean* v. *Flint*, 204 N. Y. 153, 157), and the statute will then be fully satisfied.

The judgment of the Appellate Division should be reversed and the judgment entered upon the decision of the trial court affirmed, with costs in the Appellate Division and in this court.

COLLIN, HOGAN and CARDOZO, JJ., concur; CUDDEBACK, J., dissents; HISCOCK, J., absent.

Judgment reversed, etc.