Rodenbeck, J.
This action is one for the specific performance of an option on stock of the defendant corporation. The option covered the right to purchase $100,000 worth of stock of the par value of $10 a share within a year from the date of the option, and in case of such purchase within the year, a further option to purchase within two years from the date of the option an additional $100,000 worth of stock of the par value of $10 a share. The plaintiffs purchased stock under the option at various times during the first year aggregating $55,970 when the defendant corporation refused to make any further deliveries, whereupon the plaintiffs offered to purchase stock at various times, tendering on each occasion $10 a share for the stock, and on October 29, 1919, offered to purchase the balance of the stock covered by the option for the first year and tendered $10 a share for the same. No offer was made to purchase the stock upon which the plaintiffs were given an option during the second year, the plaintiffs contenting themselves, in their written acceptance of the option for the first year, with reserving the right to purchase the remaining shares as provided in the *278 option. The defendants demurred to the complaint on the ground that it did not state a cause of action and on the further ground that there was a misjoinder of parties defendant, but the latter ground is not now urged. The plaintiffs also moved for judgment on the pleadings.
The questions involved turn upon the validity under the statutes of the state of an option given by a corporation to purchase its stock. In this state the validity of subscriptions to stock is controlled to some extent by statute. The statute provides the manner in which subscriptions may be taken upon books opened by the company for that purpose (Stock Corp. Law, § 53), but this language, being permissive in form, does not exclude other valid agreements to take stock. Buffalo & Jamestown R. R. Co. v. Gifford, 87 N. Y. 294, 300; Jeffery v. Selwyn, 220 id. 77, 82. The statute requires, however, that at the time of subscribing every subscriber whose subscription is payable in money shall pay in cash to the directors ten per cent of the amount subscribed by him and that no subscription shall be received or taken without such payment. Stock Corp. Law, § 53. This language came from the General Railroad Law (Laws of 1850, chap. 140, § 4) and was incorporated into the Stock Corporation Law when that statute was enacted. Laws of 1890, chap. 564, § 41; amd. Laws of 1892, chap. 688, § 41. Under this language, being mandatory in form, no subscription is valid unless the ten per cent required by the statute has been paid. New York & Oswego Midland R. R. Co. v. Van Horn, 57 N. Y. 473; Hapgoods v. Lusch, 123 App. Div. 23; Van Schaick v. Mackin, 129 id. 335; Whalen v. Hudson Hotel Co., 183 id. 316; Harriman National Bank v. Palmer, 93 Misc. Rep. 431. There is no claim in this case that any such amount was paid when the option was given. The option, therefore, was *279 void at its inception as a subscription to stock. A valid subscription to stock involves an agreement binding upon both parties either as provided by the statute or under the common law with a payment of ten per cent in cash of the subscription, but parties may have so dealt with each other in exceptional cases as to render it inequitable and a legal wrong as against other stockholders or creditors to defeat a subscription not thus made. Jeffery v. Selwyn, supra. The stock delivered by the defendants under this option would not operate to validate the option as a subscription, since if the corporation could give no such option it could not validate it by delivering the stock under it. The demand under the option made by the plaintiffs and the tender of the value of the stock demanded would not have the effect of validating the option, as the defendants are not required to accept offers to purchase under a void option. The effect of the demand and tender made by the plaintiffs was an offer to purchase which the corporation could accept or reject as it saw fit. While the agreement to subscribe for stock in a corporation may be in any form permitted by the common law, notwithstanding the requirement of the statute, the ten per cent required to be paid by subscribers is a statutory prerequisite to a valid subscription. It may be paid by services previously rendered (Beach v. Smith, 30 N. Y. 116) or it may be paid subsequently to the subscription (Black River Utica R. R. Co. v. Clarke, 25 id. 208), but it must be paid to constitute a complete and valid subscription (3 N. Y. Ann. Dig. 765). A mere promise to subscribe is void (General Electric Co. v. Wightman, 3 App. Div. 118) and a promise to pay the ten per cent by note which was not honored is not a payment under the statute. Hapgoods v. Lusch, supra. Under section 53 of the Stock Corporation Law (Laws of 1890, chap. *280 564, § 41; amd. Laws of 1892, chap. 688, § 41) an option given by a corporation to purchase its stock at par at any time within a year from the date of' the option, accepted by the optionee without the payment in cash of ten per cent of the value of the stock covered by the option does not constitute a subscription, is void and may be repudiated by the corporation at any time even after a purchase of a part of the stock covered by the option and a demand and tender for the remainder. An option given by a corporation to purchase its stock at par at a future time without regard to the market value of the stock at the time of exercising the option is speculative and may be void as a fraud on innocent subscribers and as against public policy and if void cannot be validated by the exercise of the option by the purchase with the consent of the corporation of a part of the stock covered by the option and a demand and tender for the remainder.
But assuming that the option after the demand and tender was good as a subscription, the facts alleged in the complaint do not make out a case for specific performance. It is only in an unusual case that the delivery of stock purchased will be decreed by specific performance. Butler v. Wright, 186 N. Y. 259. Assuming that there was mutuality of obligation and remedy by reason of the demand and tender, the complaint does not show that a delivery in specie is the only remedy that will adequately compensate the plaintiffs. There have been sales of sufficient.stock of the defendant corporation to enable the plaintiffs upon a trial to fix a value thereon, and in such a case the damages ascertainable are the adequate and proper remedy. The allegations in the complaint that the plaintiffs have no adequate remedy at law; that the action is brought to avoid a multiplicity of suits, and that the stock has no market value are conclusions of law and *281 are not alone sufficient to make out a case for specific performance. Facts must be alleged, showing that these conclusions are justified, and in this instance not only are no such facts alleged but those set forth in the complaint show that the plaintiffs have an adequate remedy at law for the damages that they have sustained for the failure of the defendants to carry out the option upon which the action is based. Bateman v. Straus, 86 App. Div. 540; Kennedy v. Thompson, 97 id. 296; Butler v. Wright, 103 id. 463; Clements v. Sherwood-Dunn, 108 id. 327; Ehrich v. Grant, 111 id. 196; Harle v. Brennig, 131 id. 742; Wadick v. Mace, 191 N. Y. 1; Levin v. Dietz, 194 id. 376. Specific performance of an option for stock given by a corporation and accepted by the optionee but not accompanied by the payment of the ten per cent required by section 53 of the Stock Corporation Law, not being a binding subscription, will not be decreed. A demurrer will be sustained to a complaint which seeks a specific performance of an option to purchase stock, although the option has been partially exercised by a purchase thereunder and an acceptance of and tender for the remainder has been made, where the complaint shows that the provisions of section 53 of the Stock Corporation Law relating to subscriptions of stock requiring the payment of ten per cent in cash have not been complied with, that the stock has an ascertainable value and that the plaintiffs have an adequate remedy at law for damages.
The demurrer, therefore, should be sustained both upon the ground that the option upon which the action is based is void and unenforcible and, assuming that this position is not sound, on the further ground that the complaint shows that the plaintiffs have an adequate remedy at law.
Ordered accordingly.