[Civ. No. 6665. First Appellate District, Division Two.—August 20, 1929.]

MARIA S. BOVO, Appellant, v. HENRY R. ABRAHAMSON, Respondent.

Dunn, White & Aiken and W. M. Nold for Appellant.

C. L. Colvin for Respondent.

BURROUGHS, J., *pro tem.*—The plaintiff appeals from a judgment denying her a right to redeem from defendant, as trustee, the real property described in her pleadings and also quieting defendant's title to the same property. In support of the appeal it is contended that certain findings of fact are without support in the evidence; that others are contrary to the undisputed evidence; that others are contrary to the undenied allegations of the complaint; and that still others are contrary to the express admissions of the defendant.

The court made a blanket finding of fact as follows: "That all the allegations in the complaint, amended complaint and supplemental complaints, and all pleadings in said action other than hereinafter found, are untrue and not supported by the evidence, and the court further finds that the following facts are true and that all others alleged in said pleadings are untrue." The court then finds specifically that on and prior to June 14, 1916, plaintiff was the owner of the lands described in her complaint; that on said day and prior thereto plaintiff was indebted to the Farmers and Merchants Bank of Hayward, California, in the sum of $7,883 evidenced by a promissory note in the principal sum of $7,500, the balance being accrued interest; that said indebtedness was secured by a deed of trust upon the property described in the pleadings and constituted a first lien thereon; that plaintiff was indebted to other parties in sums aggregating $2,000, which consti-

tuted second liens on said property; that on June 14, 1916, the plaintiff was also indebted to the defendant herein in the sum of $2,552.20 for remodeling the buildings on said property, said last-named sum being the reasonable amount expended in said work, including therein a ten per cent commission for his services; and that plaintiff was unable to pay any of said amounts and referred the defendant to the Farmers and Merchants Bank of Hayward, telling defendant that said bank would pay him the amount due to him as aforesaid. The court also found as a fact that said last-named bank was anxious to have repaid to it the amount due from the plaintiff as aforesaid and notified her in writing that the loan to it must be taken care of and unless a payment of the same was made it would foreclose its deed of trust; that the defendant was informed by a Mr. Mount of the Central National Bank of Oakland that his right to a. mechanic's lien on said premises was subject and subsequent to the three liens secured by deeds of trust as aforesaid, and advised the defendant to purchase the property at the trustee's sale under the deed of trust held by the Farmers and Merchants Bank of Hayward, and that by so doing he would secure the property free and clear of the second liens and also of all claim by the plaintiff; that in pursuance of said advice and with the intention of securing said property free and clear of any of the said secondary claims, or any claims of plaintiff, and without any agreement with her in relation thereto, defendant bought said property at said trustee's sale, and that thereafter the defendant received the trustee's deed therefor as a complete and absolute conveyance to him of all claims subsequent to the execution of the trustee's deed, and as a complete and absolute conveyance of all the right, title and interest of the plaintiff therein. The court further found that after said transaction had been fully completed the defendant, at the earnest request of the plaintiff, agreed that if she would pay him all sums of money that he had paid to purchase the property, and all sums owing to him for remodeling said property, and all sums of money paid for taxes and street bonds, and other sums due thereon, together with interest on said several sums within a period of eighteen months from said date, he would convey said property to her, the said plaintiff; that after the execution

to him of the trustee's deed he took possession of the property and employed an agent to obtain tenants for him; that after the execution of said trustee's deed defendant entered into an agreement with the plaintiff that in consideration of her paying the light and water bills and taking care of the steps and hall, and collecting rent from other tenants and paying it over to defendant, and act as manager of said apartment house, she might occupy one of the apartments in said house free and clear of rental therefor, and in pursuance of said agreement plaintiff did remain in one of the apartments as a tenant at will and did perform said services, and made no claim of ownership to said premises until a short time prior to the commencement of this action; and that since the execution to him of the trustee's deed for said premises, the defendant has treated the property as his own, has built garages thereon to be used in connection with the house, has paid all street bonds affecting the property, and has paid all taxes levied or assessed against the same with full knowledge on the part of the plaintiff and without any claim by her of ownership therein. The court further found that since on or about June 15, 1916, defendant has held the same by adverse possession and that the plaintiff has never paid nor offered to pay any taxes thereon, and did not make any claim of ownership thereto until a short time prior to the commencement of this action. Then follow appropriate findings concerning the changes made in the building itself; that the apartment occupied by plaintiff has a reasonable rental value of $35 per month, that the plaintiff has never paid defendant the sums he paid at the trustee's sale. nor any other sums due him, and did not make any tender of the same prior to the commencement of this action; and that the agreement to convey was without consideration, was oral, and constituted a mere option to purchase; and that the cause of action, if any ever existed, was barred by subdivisions 1 and 5, section 1624, of the Civil Code and by subdivisions 1 and 5 of section 1973 of the Code of Civil Procedure and by sections 318, 320, 323 and 363 of the Code of Civil Procedure, and was also barred by laches.

We will first consider appellant's specifications of error that the findings are not sustained by the evidence. It is admitted, or appears from uncontradicted evidence,

that on and prior to June 14, 1916, the plaintiff was the owner of the real property which is the subject of this action, subject, however, to the three deeds of trust mentioned in the foregoing findings; that on said date the property was sold by virtue of the power of sale under the first deed of trust to satisfy the indebtedness due the Farmers and Merchants Bank of Hayward, and that it was purchased by the defendant for the full amount due said bank. It was also proved by competent evidence that prior thereto the defendant had made improvements on said premises of the reasonable value of $2,552.20. It also appears without conflict that at the time of the purchase by the defendant he had no agreement whatever with the plaintiff concerning the title to the property, and that on the evening of the day on which the sale under the trust deed was made as aforesaid, the defendant herein, Mr. Mount, the vice-president and cashier of the Central National Bank of Oakland, Mr. J. A. Park, cashier of the Farmers and Merchants Bank of Hayward, and a Mr. Bovo, a son of the plaintiff, met in the Central National Bank in Oakland. As the only agreement ever made between the plaintiff and defendant concerning the said property was made at the aforesaid meeting, we deem it proper to quite fully present what occurred at the meeting. The record discloses that Mr. Mount was not available as a witness and Mr. Bovo is deceased. The witness J. A. Park testified that "Mr. Bovo was there for the purpose of seeing about getting an agreement from Mr. Abrahamson to redeem the property within the period of two years." He further testified that "Mr. Bovo wanted Mr. Abrahamson to agree that his mother could have the privilege of redeeming the property within a period of two years. Mr. Mount, who seemed to be Mr. Abrahamson's advisor all the way through, said, 'We will not give any agreement except a verbal one that we will return the property to Mrs. Bovo within a period of eighteen months, provided she can supply the money to pay all expenses and all claims against the property which may rightfully belong to Mr. Abrahamson.' Mr. Abrahamson said, 'If they could pay me the money due me within a period of eighteen months from the date of the sale I would be glad to return the property to the former owner.' " It also appears from the evidence of this

witness that the agreement was entirely oral, that Abrahamson refused to give a written agreement, that the Farmers and Merchants Bank of Hayward had no intention of renewing the loan, but as an accommodation to Mr. Mount of the Central National Bank it took a new loan from the defendant for the face of the original loan which they had made to the plaintiff and took a new note and deed of trust on the property from the defendant. This witness further testified that the amount of defendant's bid was approximately the market value of the property and that there would have been a very small equity over that amount. The witness further testified that Mrs. Bovo sent Mr. Abrahamson to him to take care of the latter's claim for improvements made on the premises and that he told Mr. Abrahamson he could not consider it. The trustee's deed to the property was executed and delivered to the defendant Abrahamson after the parties entered into the foregoing agreement at the Central National Bank. The evidence as to the subsequent conduct of the parties is in many respects in sharp conflict, but any substantial evidence must be resolved in favor of the findings of the trial court. The defendant testified that on the day of the sale, but after he had bid in the property, he visited the premises and told the plaintiff he had purchased it; that she told him she had no place to go and he agreed to allow her to retain one of the apartments in the building provided she would pay the water bills, also the bills for the hall light, and take care of the steps and hall and collect some of the rentals; that she agreed to do so and thereafter did perform said services and it also appears where she collected rents she always turned them over to the defendant. There was also some evidence that the defendant during the years following the execution of the deed admitted that he was holding the property for plaintiff; however, according to his own testimony, these statements were made during the eighteen months following the agreement above set forth, but not afterward. It further appears from the evidence that upon the request of plaintiff's son, defendant rendered a statement of the amount due him, although demand therefor was not made until nearly two years from the date of the agreement made in the Central National Bank of Oakland and defendant testified that had the plaintiff offered

to pay him at the time the statement was rendered, he would have accepted it and made her a deed, but that after the rendering of the statement and the failure of the plaintiff to pay him he kept no further account of his expenditures. The evidence shows that no other request was ever made, nor was the statement rendered ever questioned as to the correctness, nor was any tender ever made to defendant of any amount due him until the commencement of the action of March 27, 1925. It also appears from the evidence that defendant has paid since the execution to him of the deed for the property all taxes, street improvement bonds, has built garages on the property, collected the rents, and exercised all the rights of ownership to the premises and that his right so to do was never disputed by plaintiff nor anyone else until the commencement of this action.

Appellant claims that the agreement made at the Central National Bank is a redemption agreement that equity will enforce against the defendant. She cites in support of this claim *Webb* v. *Vercoe*, 201 Cal. 754 [54 A. L. R. 1200, 258 Pac. 1099, 1101], the cases therein cited and other cases, but the main reliance seems to be upon *Webb* v. *Vercoe, supra*. In our opinion there is a clear-cut distinction between the facts of the latter case and the facts in the case at bar. In the cited case the transaction involved the foreclosure of two mortgages, the junior mortgagee purchasing the property at the foreclosure sale. The evidence relied upon to establish a resulting trust in favor of the mortgagor consisted of certain letters written by the parties. In one of these the mortgagor appealed to the junior mortgagee to buy the property at said sale in her own name and allow him to redeem. To this the mortgagee agreed and in pursuance thereof did buy the property. Some of the letters fixed the terms of the redemption. The Supreme Court held that the trial court "was well warranted in concluding that the written declarations of the defendant were to the effect that plaintiff need not attempt to redeem her property from the foreclosure sale, but could rely upon the defendant to furnish the money to purchase at such sale and to thereafter take the sheriff's deed, treating the transaction as a loan and holding the legal title as security for its repayment, this upon

the terms found by the court, to-wit: interest at seven per cent per annum; and that plaintiff should have an indefinite time within which to repay the defendant and secure thereby the title to the property.'' In the case at bar the defendant, without any agreement with plaintiff, bought the property at the trustee's sale, paying therefor an adequate consideration. Thereafter it was agreed that defendant would return the property to plaintiff within eighteen months, provided she could supply the money to pay all expenses and all claims against the property which belonged to the defendant. The latter specifically stated ''if they could pay me the money due me within a period of eighteen months of the date of the sale, I would be glad to return the property to the former owner.'' There is a further distinction between the two cases, in that the original transaction in *Webb* v. *Vercoe, supra,* involved a sale under foreclosure of a mortgage with a right of redemption in the mortgagor, while in the case at bar the transaction involved a trust deed and there was no right of redemption. We are satisfied from the foregoing evidence that the court was justified in its finding that the agreement made between the parties was a mere option to purchase the property within eighteen months and was not a redemption agreement. ▉ Furthermore the evidence establishes the fact that the plaintiff never at any time before the commencement of this action tendered to defendant, or offered to pay, the amount due defendant. If the foregoing conclusion that the agreement was an option to purchase and not an agreement permitting the plaintiff to redeem from the sale is correct, then no useful purpose is served by discussing the several questions pressed by appellant based upon the theory of a redemption agreement, or the further claim that the transaction constituted an equitable mortgage.

▉ Appellant complains of the blanket finding made by the trial court, that all other allegations of the pleadings, other than those specifically found to be true were untrue and not supported by the evidence. It is claimed by appellant that sixteen allegations of the pleadings other than those specifically found by the court are sustained either by the admissions of the pleadings or undisputed evidence. We agree with counsel that in some instances the findings objected to are subject to the criticisms made,

but notwithstanding this, the court found, upon sufficient evidence, facts which sustain the judgment and the findings complained of are therefore immaterial.

Appellant claims that because the respondent, in testifying concerning the transaction, used the word "advanced" in speaking of the payment of the purchase price by him, he should be held to a strict interpretation of the word as meaning "loan," and therefore the consideration for said deed was paid by appellant. However, the trial court held, upon sufficient evidence, against this construction. At the suggestion of the court, counsel stipulated both plaintiff and defendant were of foreign birth, and were not familiar with the English language. We are also satisfied that respondent, having paid the consideration for the trustee's deed, and the agreement made by the parties being an option to purchase and no money or other thing of value having passed between the parties, and appellant not having waived any right in consideration thereof, the agreement was without consideration.

Appellant complains that the court erred in holding that the redemption agreement was not evidenced by an instrument in writing, that the defendant in his verified answer having stated the facts concerning the agreement, that of itself is sufficient to satisfy the statute of frauds. The agreement being an option to purchase the land, and all rights of the appellant having expired years before the verification of the answer, we are of the opinion that the objection is not well founded.

It is also contended that the court's findings that appellant occupied the premises as a tenant at will of the respondent and that the latter owned the premises by adverse possession, are not sustained by the evidence. Upon this phase of the case the evidence shows that after respondent bid in the property at the sale he visited the premises, told appellant of his purchase and at her request permitted her to continue to occupy one of the apartments in the building in consideration of her performing certain services in and about the property and paying the charge for the hall light in the building and the water rental of the premises. From that time forward defendant paid all taxes levied or assessed against the property, leased the apartments to others, received all rents for their use, con-

structed garages on the premises to be used in connection with the house, and claimed to own the same against the plaintiff and everyone else, and his claim thereto was never disputed by appellant nor anyone else. There is some evidence in the record that respondent admitted to others that he was holding the property for appellant, but respondent testified that such statements were made during the first eighteen months in accordance with his agreement that he would return the property to the appellant and were not made after that time. Such evidence sustains the findings of the court.

The court found that the cause of action was barred by subdivisions 1 and 5 of section 1624 of the Civil Code and subdivisions 1 and 5 of section 1973 of the Code of Civil Procedure. The agreement being an option to purchase and not being in writing nor to be performed within one year, the court's finding is correct.

The court also held that the cause of action was stale. Upon this subject the evidence shows that the respondent purchased the property on June 14, 1916, and under her own evidence the oral agreement by which appellant could demand a return of the property was limited to eighteen months. The only effort made by plaintiff to fulfill the agreement so far as respondent was concerned, was a request by her son made nearly two years after the making of the agreement, for a statement of the account. This was rendered and nothing further was done until just prior to the commencement of this action, nine years later, and during all of that time the respondent was improving the property and exercising all the right and power of an owner with the full knowledge of appellant and without any protest on her part. The court's action was correct.

The court also found that the cause of action was barred by other sections of the Code of Civil Procedure, but as we are of the opinion that the judgment must be affirmed, it would serve no useful purpose to discuss the objections raised thereto. There are many other points of error claimed by appellant, but after the conclusion we have reached as to the nature of the agreement, it is unnecessary to discuss or pass upon them.

The judgment is affirmed.

Sturtevant, J., and Nourse, Acting P. J., concurred.