ARTHUR R. McGUIRK *v.* BRUNO F. WARD.

(55 A2d 610)

October Term, 1947.

Present: MOULTON, C. J., BUTTLES, STURTEVANT and JEFFORDS, JJ. and CLEARY, Supr. J.

Opinion filed November 4, 1947.

*Charles J. Marro* for the plaintiff.

*Vernon J. Loveland* for the defendant.

JEFFORDS, J. This is an action of contract for the recovery of part of the consideration for an option to purchase real estate. The case was tried by the court with a resulting judgment for the defendant to recover his costs and for the discharge of the trustee. The case is here on exceptions of the plaintiff.

The facts as found by the court, to which no exceptions were taken, show that the plaintiff owned certain premises in the City of Rutland. He gave the defendant an option to purchase the same which was in a writing signed by the plaintiff but not by the defendant who, however, orally agreed to its terms. The consideration for the option was $500.00, to be paid in installments of $200.00 on its execution and $300.00 on or before January 1, 1947. At the time the plaintiff signed the option the defendant paid him the first installment. It was provided in the option that the payments for it were not made on account of the purchase price of the premises but were only payments for the option and that the defendant should acquire no rights in the title of said premises by reason thereof. It was also therein provided that possession of the premises should be retained by the plaintiff until March 15, 1947.

As of the date of the trial of the case, the plaintiff was ready, willing and able to convey the premises to the defendant. The plaintiff had duly performed all of the terms and conditions contained in the option and required of him to be performed. The defendant had failed to pay the second installment of $300.00 and this action was brought to recover the same.

The lower court held as a matter of law that the action was barred by the statute of frauds and that were it not for the statute, the plaintiff would be entitled to recover. Thus the only question

for discussion is whether the statute of frauds does act as a bar to recovery.

The material part of the statute, P. L. § 1675, is substantially as follows: An action at law shall not be brought upon a contract for the sale of lands or an interest in or concerning them, unless the contract upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith.

In *Durfee House Co.* v. *Great Atl. & Pac. T. Co.,* 100 Vt 204, at page 207, 136A 379, 381, 50ALR 1309, it is said that "An option is an agreement by which one binds himself to sell and convey to another party certain property at a stipulated price within a designated time, leaving it in the discretion of such other party to take and pay for the property." On the subject of options the following appears in 55 Am Jur p.' 492, § 27: "An option to purchase real property may be defined as a contract by which an owner of real property agrees with another person that the latter shall have the privilege of buying the property at a specified price within a specified time, or within a reasonable time in the future, and which imposes no obligation to purchase upon the person to whom it is given. Until the holder or owner of an option for the purchase of the property exercises it, he has nothing but a mere right to acquire an interest, and has neither the ownership of nor any interest in the property itself."

Although in the Durfee opinion there is language to the effect that an option is not a contract until it is accepted by the optionee, it is apparent from a study of the opinion that this language was not meant to be taken to mean that an option is not a contract within any meaning of that word; that an option is not to be considered an option contract. The question in that case was whether the option there under consideration passed to the optionee any legal title to the premises. It was held that it did not as it had not at the time material been accepted by the optionee and thus had not become a completed contract, such a contract being necessary to pass legal title. Thus it is apparent that all that is meant in that case is that an option is not a completed contract to sell and convey until acceptance.

Few cases can be found which decide whether an option to purchase real estate is such a contract as the statute of frauds requires to be in writing. See Anno. 61 ALR at page 1454.

In the case of *Neely* v. *Sheppard,* 185 Ga 771, 196 SE 452, at pages 459 and 460, the question is discussed at length and is answered in the affirmative. Several cases are therein cited in support of the holding. In the course of the opinion it is stated that "While . . . a contract granting to another an option to purchase land does not convey an interest in the land, it is nevertheless a contract 'concerning land.' " The final statement in the opinion on this question is as follows: "Even without precedent, it would seem to be clear that a contract granting to another an option to buy land is an agreement concerning land, and therefore within the statute." For other cases with similar holdings see *Bovo* v. *Abrahamson,* 100 Cal App 373, 280 P 191; *Hilker* v. *Curdes,* 77 Ind App 466, 133 NE 851; *Stevenson* v. *Titus,* 332 Pa 100, 2 A2d 853; *Watkins* v. *Arnold,* Tex Civ App, 60 SW2d 476; *Granger Real Est. Ex.* v. *Anderson,* Tex Civ App, 145 SW 262; 37 CJS 608, § 117.

The contrary is held in *Richanboch* v. *Ruby,* 127 Or 612, 271 P 600, 61 ALR 1441, and, it would seem, in *Carter* v. *McCall,* 193 SC 456, 8 SE2d 844, 847, 151 ALR 641. As regards the former case, it is distinguished in *Neely* v. *Sheppard, supra,* on the ground that the Oregon statute does not contain the words "concerning them", that is concerning lands, to be found in the Georgia statute as well as in our own. From the opinion in the Carter case it would appear that the South Carolina statute is similar to ours in its wording. It is therein stated that the word "concerning" appearing in the phrase "in or concerning lands", is "simply synonymous with the word 'in' ". With this conclusion we do not agree.

The trial court in its rulings of law held that "The option is a contract for the sale of the 'exclusive right or privilege to purchase' certain land. This is an interest not 'in' but nevertheless 'concerning' lands, and is therefore within the bar of the statute."

■ An exception was taken to this ruling which under the authority of *Neely* v. *Sheppard* and other cases, *supra,* with similar holdings is overruled, as we believe that these cases correctly state the law to be here applied.

The plaintiff stresses the fact that by the terms of the option in question the defendant was to "acquire no rights in the title of the premises by reason thereby" in support of his claim that no interest in or concerning land was conveyed by the option. But, as we have seen, one does not gain any such rights under an option contract until the same is accepted though the language of the option does not expressly state this to be so.

The plaintiff says that even though the option contract comes within the statute he has the right to recover because he has fully performed his part of the contract. In support of this claim he relies on the findings to the effect that he was at all times material ready, willing and able to convey the premises and that he had performed all of the terms and conditions of the option required of him to be performed.

We have repeatedly held that performance similar to that here relied on will not take a case out of the statute. Such a holding is to be found in the recent case of *Carvage* v. *Stowell*, 115 Vt 187, 55 A2d 188, decided at the October, 1947, term of this Court. It was held in *King* v. *Smith*, 33 Vt 22, that a tender by the vendor, in a verbal contract for the sale of real estate, of a sufficient deed within the terms of the contract to the vendee was not such an execution of the contract as would take the case out of the statute. In *Hibbard* v. *Whitney*, 13 Vt 21 at page 23, it is stated that "Part performance will never enable a party to sustain an action, at law, in direct violation of the terms of the statute of frauds. Part performance is a ground of relief in equity, only, and there the court proceeds mainly on the basis of relief from fraud."

What we have said in respect to the plaintiff's claim of performance taking the case out of the statute disposes of his remaining exceptions to the rulings of law made below.

*Judgment affirmed.*