E. T. Trefethen & a. v. Nancy Amazeen, Tr.

*Hughes & Burns* (*Mr. Donald R. Bryant* orally), for the plaintiffs.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the defendant.

Kenison, J. In the present case the corporate stock was closely held, not available on the open market and was the subject of considerable litigation so that a valid contract related to it would be specifically enforceable. *Irwin* v. *Company*, 95 N. H. 20. "There is

no doubt that equity will enforce specific performance of an agreement to sell closely held stock not purchasable in the market." *Nigro* v. *Conti*, 319 Mass. 480, 484. The case for equitable relief may be more impelling where control of the corporation is at stake. 49 Harv. L. Rev. 122; *Waddle* v. *Cobana*, 220 N. Y. 18.

The second argument in support of the motion to dismiss is that the agreement is within the statute of frauds. R. L., *c.* 200, *s.* 4. An oral contract for the sale and purchase of stock, if not within other provisions of the Sales Act (*Langlois* v. *Maloney*, 95 N. H. 408, 413), is within the express provisions of the statute of frauds. *Adams* v. *Thayer*, 85 N. H. 177, 185. While an option is an unilateral contract (*Barclay* v. *Dublin Lake Club*, 89 N. H. 87, 89) rather than an agreement to sell or a sale and while options are not specifically mentioned in the statute of frauds relating to choses in action or land, they have been considered within the policy and scope of the statute. *McGuirk* v. *Ward*, 115 Vt. 221; Anno. 61 A. L. R. 1454; *Leadbetter* v. *Price*, 103 Or. 222. A contract to will personalty is not "a contract to sell . . . goods" in the ordinary use of that statutory phrase (R. L., *c.* 200, *s.* 4) yet it is considered within the policy of our statute of frauds. *Boyle* v. *Dudley*, 87 N. H. 282.

The plaintiffs would be in no better position if the defendant was considered to have agreed to execute a written memorandum of the oral contract. *McCrillis* v. *Company*, 85 N. H. 165. The oral agreement is considered unenforceable by the better view because it is "opposed to the spirit of the act." 2 Williston, Contracts (Rev. *ed.*) *s.* 524A, *p.* 1512; Restatement, Contracts, *s.* 178.

The execution of written options by the plaintiffs to Rogers is not such performance on their part "as to satisfy the requisite of part payment demanded by" the statute of frauds just as the "making of a will by the plaintiff" in *Boyle* v. *Dudley*, 87 N. H. 282, 288, was not considered sufficient to avoid the statute. The agreement between the parties is within the statute of frauds and the dismissal of the petition for specific performance was proper. It is unnecessary to consider defendant's further argument that the failure to make Rogers a party to this proceeding was a sufficient reason for dismissing the petition. Cf. *Champollion* v. *Corbin*, 71 N. H. 78; *Erickson* v. *Nesmith*, 46 N. H. 371.

*Exceptions overruled.*

All concurred.